JOHNSTON *v.* THE RICHMOND & DANVILLE RAILROAD CO.

1. In an action by a locomotive engineer against a railroad company of which he was an employee, for personal injuries received by him while running a locomotive, it was error to charge that in order to entitle the plaintiff to a recovery it was necessary for him to show affirmatively, both negligence on the company's part and the absence of negligence on his part. If he showed that he was not negligent, the presumption of negligence was raised by law against the company. If he showed that the company was negligent, it then became incumbent on the company as matter of defense to show that the plaintiff was negligent.
2. Books of science and art are not admissible in evidence to prove the opinions of experts announced therein.
3. The case being to a great extent controlled by the legal propositions announced in the first of the preceding notes, if errors, other than as therein indicated, were committed at the former trial, the court will doubtless correct them upon the next hearing.

March 25, 1895. Brought forward from the last term. Code, §4271(a-c).

Action for damages. Before Judge HUTCHINS. Clarke superior court. April term, 1894.

LUMPKIN & BURNETT, for plaintiff.

ATKINSON, Justice.

1. In this case the suit was brought by the plaintiff, he being an employee, against the company, for injuries alleged to have resulted from the negligence of coemployees in and about the running and operating of the same train by which he was himself injured. Such being the case, the trial judge charged the jury that in order to entitle the plaintiff to recover, two things are necessary: first, he must show negligence on the part of the company, or its agents or employees; second, the absence of negligence on his part contributing to the occasion or cause of the injury complained of. We think, in view of the previous rulings of this court, that this instruction was erroneous. The rule as stated by this court in 58 *Ga.* 489, Justice BLECKLEY delivering the opinion, is as follows: " Concerning one class of cases, viz: that class in which, as in the instance before us, the injured party shared directly in the act which resulted in his own wounding, the rule as to the burden of proof is as follows: After proving the fact and degree of the injury, if the plaintiff will show himself not to blame, the law then presumes, until the contrary appears, that the company was to blame; or if he will show, on the other hand, that the company was to blame, the law then presumes, until the contrary appears, that he was not to blame. So that, in order to make a *prima facie* case and change the *onus*, he need not go further than to show by evidence one or the other of these two propositions: either that he was not to blame, or that the company was. The company, taking at this stage the burden of reply, can defend successfully by disproving either proposition." We think the charge of the court contravened directly this rule, and imposed upon the plaintiff a burden greater than the law contemplates he shall bear. To the same effect as the case cited, see *Kelly* v. *C. R. R. & Bkg. Co.*, 58 *Ga.* 108; *C. R. R. & Bkg. Co.* v. *Small*,

80 *Ga.* 521; *Bryans* v. *Georgia R. R.*, 77 *Ga.* 434; *Campbell's case*, 56 *Ga.* 587; *Powell's case*, 89 *Ga.* 602, headnote 6; *Vandiver* v. *R. R. Co.*, 85 *Ga.* 473.

2. Upon the trial of this case, the plaintiff offered in evidence "Erichsen on Concussion of the Spine," it being a book treating from a medical and scientific standpoint the effect upon the spine and nervous system, of a certain fall or jar. The defendant objected to this testimony, upon the ground that such evidence was inadmissible. The court repelled the testimony, and the plaintiff excepts to that ruling.

Many reasons may be assigned in support of the principle announced in the second head-note, touching the admission in evidence of text-books by medical and other scientific authors. Those assigned, however, by the text-writers of our own profession against the admission of such works are so satisfactory to our minds, that we approve, without undertaking to elaborate them. The reasons are, first, that experiment and discovery are so constantly changing theories on scientific subjects, that the books of last year may contain something which this year everybody rejects as absurd. Secondly, the book may be a compilation of a compilation, and be thus hearsay evidence of the most extreme kind. Thirdly, that the authors do not write under oath, and cannot be cross-examined as to the reasons and grounds for their opinion. See Lawson on Expert and Opinion Evidence, p. 170. This latter seems to us a controlling reason against the admission of that class of testimony. In the case of the State *v.* O'Brien, 7 R. I. 336, upon the trial of a murder case, the court refused to permit Taylor's Medical Jurisprudence, a text-book of recognized authority, to be read to the jury as evidence, and the Supreme Court of that State, in approval of this ruling of the presiding judge, declared that such works were inadmissible, assigning as a reason that "no evidence in

the nature of parol testimony could properly pass to the jury except under the sanction of an oath; and upon this ground books of science are excluded, notwithstanding the opinion of scientific men that they are books of authority and value as treatises. Scientific men are permitted to give their opinions as experts, because given under oath, but the books which they write containing them are, for the want of such oath, excluded."

3. Inasmuch as a new trial must be ordered because of the error of the court in giving to the jury the instruction complained of by the plaintiff, and which is treated in the first paragraph of this opinion, and inasmuch as upon the next trial of this case it is not at all probable that the other questions of practice upon which exception was taken in the court below will again arise, we do not deem it necessary to pass upon them.

Let the judgment of the court below be　*Reversed.*