28065, 28066, 28067, 28068.  GRANGER *et al. v.* NATIONAL
CONVOY AND TRUCKING COMPANY *et al.*
DEWEES *v.* THE SAME.

DECIDED FEBRUARY 23, 1940.  REHEARING DENIED MARCH 22, 1940.

*Fraser, Irwin & Latimer, James H. Paschall,* for plaintiffs.
*Brandon, Hynds & Tindall, William A. Mitchell Jr.,* for defendants.

FELTON, J.  T. S. Dewees, husband of Mrs. T. S. Dewees, sued the National Convoy and Trucking Company and R. W. Woodward, its employee, the driver of the truck allegedly causing the injuries sued for, for damages for injuries to Mrs. Dewees allegedly resulting in expenses and loss of her services to him.  Mrs. Dewees sued the same defendants for personal injuries alleged to have resulted to her from the negligence of the defendants.  The petitions in these cases alleged that Mrs. Dewees was riding as a guest in a car driven by a sister of Mrs. Dewees, Mrs. Fred F. Granger.  Fred F. Granger, husband of Mrs. Granger sued for the funeral expenses and medical expenses incurred by reason of the death of his wife, and for damages to his Ford automobile in which his wife and Mrs. Dewees were riding.  Fred F. Granger and Forrest Granger, only child of Mr. and Mrs. Granger, sued for the value of Mrs. Granger's life.  These cases were tried together and resulted in a verdict for the defendants in each.  The plaintiffs excepted separately to the overruling of a motion for new trial in each case.  Since the questions involved are almost identical in the four cases they will be decided together.

1.  An attorney for the plaintiffs was cross-examining D. W. Richards, a witness sworn for the defendant.  The witness had testified as to a conversation had with the attorney stating that the attorney told him not to say anything about the attorney's coming to see him.  The attorney then asked this question: "Was this not what happened—let me find out—is this not what happened between you and me, did you say the Ford might have got damaged by being pulled out by the wrecker and did I not say you are just trying to figure out a way to help the insurance company—was that

the way it happened?" The question was excluded. There was no error in excluding this question for any reason assigned in the exceptions taken to its exclusion. The reasons assigned as to why the exclusion of this evidence was error are: (a) Said question and answer so excluded were pertinent and material on the issue then being tried; (b) the rejection of such question by the court was prejudicial to plaintiffs, and put the plaintiffs in a false light before the jury, and tended to show misconduct on the part of the plaintiffs' lawyer . . by permitting only a part of a conversation he had with the witness to remain before the jury; (c) having permitted a part of said conversation to remain before the jury, the court should have permitted the entire conversation to be explained, in fairness to plaintiffs and counsel; (d) movants expected the answer to the question to have been "Yes." Plaintiffs do not contend that the evidence excluded was elicited for the purpose of impeachment but the exclusion of the answer was not error because the answer elicited would have illustrated no issue and had no connection with whether what the witness had previously sworn was true or not. *Brown* v. *State*, 119 *Ga.* 572 (46 S. E. 833).

2. It was not error to permit a witness to testify that it was dangerous to drive automobiles on a certain road at a rapid rate of speed and that "it was dangerous to be there at all with anyone," when the witness had previously testified as follows: "We had two or three wrecks up there . . I remember they put tar on the highway . . from there up to the county line. Then when it rained up there on that highway the road was very, very slick at that time."

3. It was error to permit the witness A. W. White to testify in answer to the question: "Do you know why your father did not come here today to testify?" the answer being "He would have lost his job," the objection being that the answer was a conclusion of the witness. The defendant had undertaken to prove that a Mr. Chamblee was the employer of the father of the witness and that Mr. Chamblee was a witness for the plaintiffs at a former trial. The objection to the question was well taken and the evidence should have been excluded. The evidence showed that the witness did not have the power to discharge his father, the absent witness, and his statement was hearsay or surmise, in either event a conclusion reached from what had been told him, which was not nec-

essarily true, or from what he guessed would be the result of the witness's testifying. The testimony was obviously prejudicial and could not have been justified by any facts appearing in the record.

4. As to the Dewees cases, Nos. 28067 and 28068, it was error to charge the jury that there could be no recovery if the plaintiffs were as negligent as the defendants, as there was no evidence authorizing a finding that Mrs. Dewees, a guest, was in any way negligent.

5. Certain excerpts from the charge were not error in the Dewees cases in that they did not include an instruction to the effect that the jury might find against the defendants if the negligence of Mrs. Granger, the driver, and the negligence of the defendants combined and proximately caused the injury to Mrs. Dewees. There was no exception on the ground that the court failed to charge the principle of law. In this ruling we are not to be understood to imply that the evidence authorized the giving in charge of such a principle. The charge in this case did not limit the jury as did that in the case of *Kelly* v. *Locke,* 186 *Ga.* 620 (198 S. E. 754).

6. Questions raised as to alleged errors in the recharge to the jury are not passed upon as they will not likely arise on another trial.

7. There is no merit in any of the other assignments of error.

*Judgments reversed. Stephens, P. J., and Sutton, J., concur.*