29507. BELLAMY *v.* GEORGIA POWER COMPANY.

DECIDED JULY 8, 1942.

G. Seals Aiken, George T. Manley, for plaintiff.

MacDougald, Troutman & Arkwright, William H. Schroder Jr., for defendant.

FELTON, J.   Mrs. H. E. Bellamy sued the Georgia Power Company for damages for personal injuries alleged to have been caused by a collision between a street car and the automobile driven by plaintiff's husband, with whom plaintiff was riding.   The petition charged that the proximate cause of the damage was the negligence of the defendant in running the street car onto the rear of the automobile.   The answer denied the allegations of the petition. The jury found for the defendant and the plaintiff excepted to the overruling of her motion for new trial.

The following charge of the court is excepted to: "If the jury should believe the plaintiff in this case was injured, and if the jury should believe that such injury was due to negligence on the part of the operator of the street car, and that such injury could not have been prevented by the exercise of ordinary care on the part of the plaintiff to prevent injury to herself, then and in that event the plaintiff would be entitled to recover.   If, on the other hand, the jury should believe that the plaintiff was injured while a guest in an automobile, but if the jury should believe that the plaintiff herself, by the exercise of ordinary care for her own safety, could have prevented injury to herself, she would not be entitled to recover."

Under the evidence there was only one issue for the jury to decide, and that was whether the injury was caused by the negligence of the defendant's driver in driving the street car onto the rear of the automobile after the automobile had passed the street car and had gotten clearly in front of it, as contended by the plaintiff, or whether it was due solely to the negligence of the plaintiff's husband in attempting to pass the street car at a place where' another automobile was parked and where there was not enough room for him to pass, as a result of which the side of the street car collided with the side of the automobile, as contended by the defendant.   There was no evidence that the plaintiff was negligent in not warning her husband not to attempt to pass the street car. There was no evidence that she was aware of what he was about to

do, assuming that he did attempt to pass the street car, or that she became aware of the danger in time to warn him. A conclusion that she was negligent in such respect can not be drawn from the mere fact of the collision.

The evidence showed that the tires on the automobile were slick; that it was raining, and that the streets were wet; but the plaintiff testified that she did not look at the tires, and there was no substantial evidence that the slick tires had anything to do with the collision. One witness testified that the automobile hit a bump or something and swerved, but this was not enough to authorize the inference that the slick tires played any part in the collision. There was no evidence authorizing an inference that the plaintiff was negligent in not looking back and observing the street car and warning her husband that it might strike the automobile. The plaintiff's evidence was that the husband slowed down for a street intersection, and that his car was hit by the street car, and that after the automobile passed the street car plaintiff did not look back. It would seem that if the defendant's contentions are correct plaintiff's negligence would be immaterial, because the sole cause of the injury under those contentions would have been the negligence of the husband, and in such case the plaintiff could not recover whether she was or was not negligent. The effect of the charge was to authorize the jury to find that, if they accepted the plaintiff's contentions, they could find that the plaintiff was negligent in not looking back and warning her husband that the street car would likely hit the automobile, and we find no evidence to authorize such a finding. The court erred in so charging. *Groover* v. *Cudahy Packing Co.*, 61 *Ga. App.* 707 (7 S. E. 2d, 287); *Hare* v. *Southern Ry. Co.*, 61 *Ga. App.* 159 (6 S. E. 2d, 65); *Kuttner* v. *Swanson*, 59 *Ga. App.* 818 (2 S. E. 2d, 230).

There is no merit in any of the other assignments of error. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*