34877. HARPER *v*. WILLIAMS, by next friend.

DECIDED FEBRUARY 13, 1954.

*C. L. Cowart, W. Glenn Thomas, Joe Thomas,* for plaintiff in error.

*Ronald F. Adams, Ralph L. Dawson,* contra.

QUILLIAN, J. 1. The contention that a verdict for the defendant was demanded is without merit. The defendant admitted that the truck was parked by one of his employees. The fact that it was negligently parked contrary to instructions would not exonerate the defendant. The evidence does not show that as a matter of law the plaintiff's injuries were due solely to his own negligence. He did state that there was nothing to prevent him from seeing the truck if he had been looking, but he also stated that he was not looking at the truck at the time his arm was hit. One riding under such circumstances as the plaintiff was riding is not bound to exercise the same care as the driver of the automobile, and it was a jury question whether the plaintiff was guilty of negligence under the circumstances and also whether, if he was, it was less than the negligence of the defendant.

2. It was not error to permit a witness to testify: "I can say that ever since I have been driving, it has been a custom where three ride in one seat, the one riding on the right rides with his elbow in the window, and I have seen other people do the same thing"—complained of in special ground 1—as against the objections therein urged. The custom testified to is not so obviously dangerous as to preclude it from being considered on the question of whether the plaintiff was negligent. Furthermore, the mere riding with one's elbow out of an automobile window is not negligence. Other circumstances could make it so, and we do not think the evidence of the custom could have been harmful to the defendant. There was no objection that the evidence of the custom did not come up to the rules rendering such evidence admissible.

3. It was not error to admit the city ordinance in evidence.

The charter of Jesup provides that "The vote upon the passage of all ordinances and resolutions shall be upon a call for 'ayes' and 'nays', and the votes on the passage of all ordinances shall be entered upon the minutes of the meeting of the council, in which such vote was taken." The minutes of the city council showed what officials were present and that the ordinance was unanimously passed. The minutes do not show that the vote was not taken by ayes and nays and, in the absence of anything showing the contrary, it will be presumed that the law was complied with.

4. There is no merit in the third special ground of the amended motion. The defendant pleaded the release of a joint tortfeasor. There was no evidence of a release. The only evidence of a settlement was that the Ordinary of Wayne County granted a petition of the injured party's guardian to compromise the claim against the joint tortfeasor upon her executing a covenant with Earl Cribbs, Jr. and Sr., and State Farm Mutual Automobile Insurance Company to desist and refrain from instituting or asserting against them any claim or demand, etc.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*