### 35857. LAWRENCE v. HAYES, by Next Friend.

DECIDED OCTOBER 14, 1955.

782

*Young, Hollis & Fort,* for plaintiff in error.

*Swift, Pease, Davidson & Chapman,* contra.

CARLISLE, J. ■ " 'One riding by invitation and gratuitously in another's automobile cannot recover for injuries caused by the other's negligence in driving, unless it amounted to gross negligence.' *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297) ; *Harris* v. *Reid,* 30 *Ga. App.* 187 (117 S. E. 256) ; *Peavy* v. *Peavy,* 36 *Ga. App.* 202 (136 S. E. 96). 'In general, slight diligence is that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances. Applied to the preservation of property, slight diligence means that care which every man of common sense, howsoever inattentive he may be, takes of his own property. The absence of such care is termed gross negligence.' . . [Code § 105-203]." *Frye* v. *Pyron,* 51 *Ga. App.* 613 (181 S. E. 142).

"Questions of negligence and diligence, even of gross negligence and slight diligence, are as a rule to be determined by a jury and should not be settled by the court as a matter of law except in plain and indisputable cases. *Rosenhoff* v. *Schaul,* 42 *Ga. App.* 776 (157 S. E. 215)." *Rowe* v. *Camp,* 45 *Ga. App.* 794 (165 S. E. 894).

"Where a highway includes two roadways 30 feet or more apart, then every crossing of each roadway of such divided highway by an intersection highway shall be regarded as a separate intersection." Code (Ann. Supp.) § 68-1504 (2b).

"When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right." Code (Ann. Supp.) § 68-1650 (b).

"Whenever an illuminated flashing red or yellow signal is used in a traffic sign or signal it shall require obedience by vehicular traffic as follows:

"1. Flashing red (stop signal). When a red lens is illuminated with rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest crosswalk at an intersection or at a limit line when marked, or, if none, then before entering the intersection, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.

"2. Flashing yellow (caution signal). When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or past such signal only with caution." Code (Ann. Supp.) § 68-1615.

"Whenever the Director of Public Safety and the State Highway Board, upon request from any local authority, or upon their own initiative, shall determine upon the basis of an engineering and traffic investigation that any lawful speed limit hereinbefore set forth is greater than is reasonable or safe under the conditions found to exist on any State highway or upon any part thereof, or upon any extension thereof within a municipality, said Director may determine and declare a reasonable and safe lawful speed limit thereon which shall be effective at all times or during hours of daylight or darkness or at such other times as may be determined when appropriate signs giving notice thereof are erected." Code (Ann. Supp.) § 68-1627.

Under an application of the foregoing rules of law to the facts of this case, the jury was authorized to find from the evidence adduced upon the trial, and the reasonable inferences to be drawn therefrom, that the defendants were grossly negligent in causing the plaintiff's injuries. It appears that the plaintiff was riding gratuitously as a guest in the automobile of the defendant Lawrence as it proceeded on Benning Drive toward the intersections of that highway with Victory Drive, a highway composed of two roadways separated by a parkway 30 feet wide. The first of these roadways to be reached by the defendant Lawrence was for the accommodation of traffic moving in a northerly direction; the second of these roadways was for the accommodation of traffic moving in the opposite direction. The intersections of these roadways with the highway on which the defendant Law-

rence was traveling were controlled by flashing traffic signals. The defendant Lawrence was facing a flashing red or stop signal, and the defendant Caudle was facing a flashing yellow or caution signal. The jury was authorized to find that while the defendant Lawrence came to a complete stop at the first intersection, he did not stop at the second intersection as required by law; that Caudle was exceeding the established speed limit of 20 miles per hour along the highway on which he was traveling as he approached the intersection, and that he did not reduce his speed as he approached the intersection; that the two automobiles reached the intersection at approximately the same time, and that without stopping and yielding the right of way to Caudle's automobile, which was approaching the intersection on Lawrence's right, the defendant Lawrence proceeded into the intersection without looking for traffic until it was too late to avoid the collision with the defendant Caudle's automobile. From these findings the jury was authorized to infer that the defendants' negligence jointly and concurrently occasioned the plaintiff's injuries and that under the circumstances each of the defendants was guilty of gross negligence. There is no merit in the general grounds of the motion for a new trial nor in special ground 1 which is but an elaboration of the general grounds.

■ Special grounds 4, 5, and 6 of the motion for a new trial are expressly abandoned in the brief of counsel for the plaintiff in error and are not considered. Code § 6-1308.

■ While the defendant Lawrence in his answer pleaded the theory that the plaintiff's injuries were the result of an accident, there was nothing in the evidence to sustain the plea. The evidence plainly shows that her injuries were due to the negligence of one or the other of the two defendants, or both. The legal connotation of "accident" has reference to unintentional acts occurring without being caused by any negligence of the parties involved. There was no mechanical failure of either of the automobiles and the negligence of the defendants was not unforeseen. The trial court, consequently, committed no error in its refusal to charge the jury on the theory of accident as requested. See in this connection, *Toles* v. *Hair*, 83 *Ga. App.* 144 (2) (63 S. E. 2d 3); *Bush* v. *Skelton*, 91 *Ga. App.* 83 (84 S. E. 2d 835); and citations. Special ground 2 of the motion for a new trial is without merit.

■ The evidence reveals that the plaintiff was riding on the front seat with the defendant Lawrence and his wife and that he had been driving carefully up until the instant he negligently entered the intersection without stopping. Neither she nor the defendant Lawrence saw the automobile driven by the defendant Caudle until it was within about 10 feet of them. The plaintiff immediately called out to the defendant Lawrence to stop his automobile, but it was then too late to avoid the collision. There is no evidence from which it can be inferred that she should have apprehended that the defendants would be negligent. "The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence." *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802) ; and see also *Central of Georgia Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413 (91 S. E. 517), and citations. The trial court, consequently, did not err in failing to charge on the principle of law contained in Code § 105-603 with reference to the plaintiff's duty to avoid the consequences of the negligence of the defendants. There is no merit in special ground 3 of the motion for a new trial.

The trial court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*