38381.   BENTLEY *et al.* v. BUICE.

Decided June 22, 1960—Rehearing denied July 12, 1960.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiffs in error.

*J. Corbett Peek, Jr.,* contra.

TOWNSEND, Judge. ■ "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." *Code* § 110-709. "A void judgment may be attacked in any court and by any person. In all other cases judgments may not be impeached collaterally, but must be set aside by the court rendering them." *Code* § 110-701. "The judgment of a court of competent jurisdiction may not be collaterally attacked in any other court for irregularity, but shall be taken and held as a valid judgment until it is reversed or set aside." *Code* § 110-708. "A judgment of a court having jurisdiction of both the parties and the subject-matter, however irregular or erroneous, is binding until set aside. *Freeman v. Bass,* 34 Ga. 365 (89 Am. Dec. 255); *Porter v. Rountree,* 111 Ga. 369 (36 S. E. 761); *Code* § 110-708." *Mitchell v. Arnall,* 203 Ga. 384 (2) (47 S. E. 2d 258). The superior courts of this State have jurisdiction of the person and the subject matter in appeals from awards of the Board of Workmen's Compensation. *Code* § 114-710. Accordingly, where after the plaintiff and corporate defendant had entered into an agreement as to

compensation under the terms of the Workmen's Compensation Act which was approved by the board, but where the plaintiff refused to accept any benefits under the award, and was not otherwise estopped from contesting its validity, he filed a motion with the board to vacate the approval of agreement on the ground that the award had been entered into under a mistake of fact, he not having in truth and in fact sustained the injury in question while in the course of his employment, and where the refusal of the board to vacate the agreement was within the time prescribed by law appealed to the Superior Court of Berrien County, a court of competent jurisdiction, and there reversed by a judgment of that court holding that "the evidence conclusively shows that the alleged injury did not arise in the course of, and in pursuance of claimant's employment [and] the board was without jurisdiction of the subject matter," which judgment of the superior court was not appealed, it stands as a final and conclusive judgment on this issue. All parties to this action were parties to the appeal. The contention that such judgment was erroneous because the claimant waited an unreasonable length of time (18 months) to contest the validity of the original approval of the settlement agreement does not constitute an attack upon the jurisdiction of the superior court either as to the person or the subject matter, and accordingly the judgment of the Superior Court of Berrien County is a valid and binding judgment, never having been set aside or reversed. The effect of that judgment was to vacate the original award of the Board of Workmen's Compensation approving a settlement agreement between the parties. The plea in bar in the instant case, which alleged as its basis the original award of the board consisting of the approval of the settlement agreement which had been set aside, was not sustainable as a matter of law, and the trial court did not err in so holding.

■ Complaint is made of the following instructions by the court to the jury: "The court charges you that there is no evidence in this case of any failure on the part of plaintiff to exercise ordinary care for his own safety. The court further charges you that there is no evidence in this case that the plaintiff was negligent and that his negligence proximately caused or

contributed to the alleged injuries and equalled or exceeded any negligence on the part of the defendant as alleged in subparagraph (b) of the defendant's amendment. So that you ladies and gentlemen will not have regard to subparagraphs (a) and (b) of the defendant's amendment to their answer. . . The court further charges you that a passenger or guest riding in the automobile with another may rely upon the assumption that the driver of the automobile will exercise proper care and precaution. . . There. has been testimony in this case in relation to beer and the drinking of beer, and that question, that is, of beer and the drinking of beer, by either or both of the parties to this case . . . has nothing whatever to do with this case and you will not have regard to any evidence in the case in relation to such matter on any issue or question of alleged negligence in the case."

The action was one by Buice, a guest passenger in a truck belonging to the defendant Besco Corporation and driven by the defendant Bentley. The testimony of both Buice and Bentley, the only persons present, is in agreement as to the following facts: Buice had driven the truck to Fitzgerald, Georgia; the men had stopped to eat a sandwich and Bentley had drunk one or two beers; Bentley then commenced driving toward Fitzgerald; he did not appear sleepy, did not appear affected by the beer, was not in fact affected by the beer, and neither said anything nor drove in such a manner as to indicate to Bentley that he was either sleepy or under the influence of beer, but drove in a proper manner until he reached an intersection where he had previously told the plaintiff he was going to turn; that Buice, who was watching the road, said, "Look out, you're going to miss your turn"; that Buice expected Bentley to stop and back up, but Bentley attempted a sharp left turn, lost control of the vehicle, hit a pole, and overturned, inflicting described injuries on the plaintiff.

It is not error for the court to state to the jury a fact supported by uncontradicted evidence. *Wallace v. Mize,* 153 Ga. 374, 385 (112 S. E. 724). "No duty devolves upon the guest passenger, who has no right or duty to control the operation of the automobile, unless the circumstances are such that he is afforded

a reasonable opportunity to take appropriate action to avoid being injured." *Smith v. Harrison,* 92 Ga. App. 576 (4) (89 S. E. 2d 273). The court should not charge on an issue as to which there is no evidence, and, accordingly, should not charge on comparative or contributory negligence of a plaintiff guest passenger where there is no evidence to show that such passenger was negligent in failing to anticipate that the defendant driver was operating the vehicle in a manner likely to cause injury to himself. See *Lawrence v. Hays,* 92 Ga. App. 778 (90 S. E. 2d 102). In so far as the charge of the court related to the drinking of beer, it was favorable to the defendant, for it removed from the case any basis for the jury finding him negligent because of being under the influence of intoxicants. It also, of course, removed any issue of the plaintiff being negligent in allowing the defendant to drive the truck after drinking the beer, but, since all of the testimony was to the effect that the amount consumed had no effect on either party, no valid issue entered or remained in the case on this point. Since the undisputed evidence demanded a finding that the plaintiff, in the exercise of ordinary care for his own safety, had no reason for being alarmed at the manner of the defendant's operation of the vehicle until the very moment of disaster, the instructions complained of in special grounds 4, 5, 6, 7, 9 and 10 of the amended motion for new trial are without merit.

■ Special ground 8 complains of the trial court's failure to give in charge the following request: "I charge you gentlemen of the jury that, if you find from the evidence that defendant Bentley, in turning said motor vehicle to the left at or near the intersection described in this case, acted under an involuntary impulse pursuant to some statement made by the plaintiff at or near said intersection, then you may consider whether or not the conduct of the plaintiff in any statement he may have made to defendant Bentley at or near said intersection constituted negligence, and if you find that plaintiff did make a statement to defendant Bentley at or near said intersection which caused defendant Bentley to suddenly turn said motor vehicle off of the road on which said motor vehicle was being driven and into the intersecting road, and you find

this conduct on the part of the plaintiff to be negligence and that such negligence was the proximate cause of his injuries, that in that event plaintiff would not be entitled to recover." While the exact words used by Buice were disputed, he said either, "Look out, you're missing your turn," or "You are going to miss your turn," or "Hey, here's where we turn." The defendant testified to nothing in the plaintiff's voice or manner which would have made these words, otherwise proper under the circumstances, so imperative or evocative of sudden emergency as to precipitate any reckless action on his part. The plaintiff's conduct in pointing out the correct road was not negligence, and the court did not err in refusing to so charge.

■ Neither the general grounds of the motion for new trial nor the motion for a judgment notwithstanding the verdict are meritorious. Although under the defendant's evidence the upset was due primarily to loose gravel of which he had no notice, the facts authorized a finding that the driver was guilty of gross negligence in that, after missing his turn, he cut sharply to the left with two wheels off of the pavement, lost control of the truck, attempted to accellerate, and hit a post which caused the vehicle to upset. The jury was authorized to find from the evidence that the injuries to the plaintiff were occasioned by acts of gross negligence on the part of the defendant. *Werbell v. Walters*, 93 Ga. App. 378 (91 S. E. 2d 841); *Parker v. Johnson*, 97 Ga. App. 261 (102 S. E. 2d 917).

The trial court did not err in overruling the plea in bar, the motion for new trial, and the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*