39401. BROWNING v. KAHLE.

DECIDED MAY 15, 1962—REHEARING DENIED JULY 17, 1962.

*Marvin G. Russell, Turner Paschal,* for plaintiff in error.

*Woodruff, Latimer, Savell, Lane & Williams, Edward L. Savell,* contra.

FRANKUM, Judge. "No duty devolves upon the guest passenger, who has no right or duty to control the operation of the automobile, unless the circumstances are such that he is afforded a reasonable opportunity to take appropriate action to avoid being injured." *Smith v. Harrison,* 92 Ga. App. 576 (4) (89 SE2d 273). A guest passenger is not bound to exercise the same degree of care and diligence as a driver of an automobile in which the guest is riding. See *Harper v. Williams,* 89 Ga. App. 645 (80 SE2d 722). In every case we have found holding that a guest passenger had a duty to take some affirmative action such as to warn his host driver of a hazard, it appears from the facts and circumstances that the guest had actual knowledge of the hazard coupled with an opportunity to take appropriate action to avoid injury to himself or to warn the host driver of the hazard. See *Mishoe v. Davis,* 64 Ga. App. 700 (14 SE2d 187); *Healan v. Powell,* 91 Ga. App. 787 (3) (87 SE2d 332); *Smith v. Harrison,* 92 Ga. App. 576 (4), supra; *Bentley v. Buice,* 102 Ga. App. 101 (115 SE2d 706); *Bellamy v. Georgia Power Co.,* 67 Ga. App. 569 (21 SE2d 294); *Wade v. Drinkard,* 76 Ga. App. 159 (45 SE2d 231).

As stated in *Russell v. Bayne*, 45 Ga. App. 55, 56 (163 SE 290): "A person riding as a guest may, until he has notice to the contrary, assume that neither the driver nor others upon the highway will be negligent, and may also assume that the driver will exercise the proper care to avoid the negligence of others; but while the negligence of the host is not imputable to the guest, the guest can not close his eyes to known or obvious dangers arising either from the acts of the driver or from the acts of others, and if there is a danger from either cause, and the circumstances are such that it would become apparent to a person of ordinary prudence in like circumstances, then it is the duty of the guest to do whatever in the opinion of a jury a person of ordinary prudence would or should do in the same or like circumstances." See also *Roberts v. King,* 102 Ga. App. 518 (116 SE2d 885).

In the *Russell* case, supra, as well as *Crandall v. Sammons*, 62 Ga. App. 1 (7 SE2d 575), the plaintiff actually knew of the hazard and did nothing about it. There is not one scintilla of evidence that the plaintiff's host driver in the instant case had been driving negligently before he started to make the left turn, or that he did anything to put the plaintiff on notice that he would be negligent, if in fact he was negligent, in making the left turn. The evidence is insufficient to show that the plaintiff had actual notice of the hazard which imperiled her safety, and under the above authorities, there was no duty resting upon her as a guest to keep a diligent lookout ahead until there was something to place her on notice that she, in the exercise of ordinary care, should keep a lookout or be vigilant as a necessary precaution for her own safety. Accordingly, it was error to charge upon principles of law relating to comparative negligence, contributory negligence, and assumption of risk on the part of the plaintiff, because the evidence did not authorize a charge upon these principles, and the extensive charge by the court on these principles of law likely impressed upon the minds of the jurors that there was an issue as to the plaintiff's negligence. See *Healan v. Powell*, 91 Ga. App. 787, supra; *Granger v. National Convoy &c. Co.*, 62 Ga. App. 294 (7 SE2d 915); *Smith v. Harrison*, 92 Ga. App. 576, supra. A

charge not authorized by the evidence is error, although such charge may be abstractly correct. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1· (2) (76 SE 387). See *Butt v. Maddox,* 7 Ga. 495 (3), and *Towns v. Kellett,* 11 Ga. 286 (2). The court erred in overruling the special grounds of the motion for a new trial assigning as error parts of the charge of the court which were not authorized by the evidence. The remaining special grounds are without merit. As the case must be retried, we will not rule upon the general grounds.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

ON MOTION FOR REHEARING.

Movant contends that we have overlooked pertinent evidence which presented an issue of fact as to whether the plaintiff was negligent in failing to warn her host driver of the impending danger of the defendant's approaching car at the time her host driver began turning his car across the road, and thus, the court's charge upon comparative negligence and contributory negligence was authorized.

The basis of this contention is the testimony of the plaintiff that she looked up the road· and did not see the defendant's car, coupled with an expert's opinion that the·defendant's car could have been seen by the occupants of the car in which the plaintiff was riding for a maximum time period of 10.3 seconds.

Movant contends that the jury· was authorized to believe the plaintiff's testimony that she did look ahead, but disbelieve her testimony that she did not see the defendant's approaching vehicle, and that the jury was authorized to conclude that she had actual notice of an imminent danger and should have warned her host driver.

While it is perhaps a reiteration of our holding in the opinion, we will again state the applicable principles of law under which the evidence must be evaluated to ascertain whether the excerpts from the court's charge complained of were authorized.

We must keep in mind that the negligence of a host driver, if any, is not imputable to his guest passenger. *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159 (91 SE2d 135). Also, where, as in this case, a defendant pleads that the plaintiff failed to exercise ordinary care for her own safety, he has the burden of proof

on this issue. See *Stewart v. Mynatt,* 135 Ga. 637 (70 SE 325); *Williams v. Southern R. Co.,* 126 Ga. 710 (55 SE 948); *Johnston v. Richmond &c. Co.,* 95 Ga. 685 (22 SE 694); *Beadles v. Bowen,* 106 Ga. App. 34 (126 SE2d 254).

First, a guest passenger is not duty bound to keep as diligent a lookout as a driver of an automobile until such guest has notice of an impending danger. See *East Tenn. V. &c. R. Co. v. Markens,* 88 Ga. 60 (13 SE 855, 14 LRA 281), where the same contention was made as the defendant makes in this case.

Second, after there is notice of an impending danger, there must be an opportunity for the guest passenger to do something about it before he or she could be charged with negligence in failing to exercise due care. *Bentley v. Buice,* 102 Ga. App. 101, supra.

Third, so long as the car in which the plaintiff was riding was in its proper lane of traffic, the presence of the defendant's approaching automobile would not have, in and of itself, presented a danger if it was being driven in a lawful manner and in its proper lane of traffic. Regardless of whether she saw it or not, she had a right to assume that defendant and her host driver would both exercise due care and operate their respective automobiles without committing acts of negligence.

Fourth, even if we assume that the plaintiff did see the defendant's approaching vehicle, it was only when the plaintiff's host driver began turning his automobile across the road in front of the defendant's vehicle that the plaintiff would have had notice of danger.

Under the facts of the instant case it took the combined movements of both vehicles before a dangerous situation was presented. (This is not to intimate that the court concludes that the actions of both drivers *negligently concurred* together so as to proximately cause the collision, but only to show that the relative motions of the two vehicles were necessary before a collision would have been imminent so as to place the plaintiff on notice of a danger. The jury was authorized to find that either driver was negligent or that both were negligent and such negligence proximately caused the wreck.)

With the above principles of law in mind, we now turn to the

evidence to see if it presented an issue of fact as to whether the plaintiff was guilty of contributory negligence or failed to exercise due care for her own protection.

An expert witness in the field of dynamics gave opinion testimony to the effect that the heavy skid marks indicated when the defendant had his brakes locked, and the light skid marks indicated when he had put his brakes on but had not yet locked them. He further testified that by assuming a normal reaction time of three-fourths of a second (the time it takes a normal person driving an automobile to react to a danger and take his foot off the accelerator and apply brakes), a person, such as the defendant, would have been 168 feet from the Browning car when he first saw it start turning left, if such person had been driving an automobile at a speed of 45 miles per hour—174 feet at a speed of 50 miles per hour— 185 feet at a speed of 60 miles per hour—201.5 feet at a speed of 75 miles per hour.

The defendant testified: "As I went over the crest of the hill, started down the crest of the hill, I could see headlights of an automobile on my left-hand side, or the right-hand side southbound on Lenox Road, and it seemed to be over on the right-hand side of the road. That is the only unusual thing that I noticed. The lights didn't appear to be moving. Actually as soon as I came over the crest of the hill I had clear vision down there. As I continued on in a northerly direction down this incline to somewhere in the vicinity of this lowermost portion here [referring to a photograph], I suddenly saw an automobile start to make a left-hand turn in front of me and I immediately applied the brakes. The automobile had not moved before I saw it make a turn. I was just proceeding along because there was nothing unusual to indicate that this car was going to turn. Well, I was amazed to see this car turn in front of me, and the instant I saw this I applied the brakes and there was a collision. I do not know what my reaction time is, I have never had it specifically tested, but I would think my reaction time would have to be at least normal in the business I am in, and I was in the military service, so I would assume it's normal or better than normal." He further testified that he was approximately 100 feet away when the plaintiff's host driver began the left turn.

The evidence was insufficient to show that the plaintiff realized the danger, or, if she did, that she had a reasonable opportunity and adequate time to take any appropriate action to prevent the collision. See *Bentley v. Buice*, 102 Ga. App. 101, supra; *Smith v. Harrison*, 92 Ga. App. 576 (4), supra; *Lawrence v. Hayes*, 92 Ga. App. 778 (90 SE2d 102); *Sellers v. White*, 104 Ga. App. 148 (121 SE2d 385).

*Motion denied.*