## 58562. PILGRIM v. OSBURN.

SMITH, Judge.

This is an action for damages incurred in the crash of a private airplane. The pilot was killed and appellant, alleging gross

negligence, seeks to recover from the pilot's estate. The jury found for the estate. Appellant recites as error the trial court's denial of his motion for a new trial, contending that the court erred in its charge to the jury. We reverse.

The parties stipulated that appellant was a guest passenger in the airplane. The testimony was to the effect that appellant was invited to accompany the pilot on an Atlanta-Ft. Myers, Florida round trip flight. Appellant accepted the invitation so that the pilot would not have to fly alone on the return flight and in order to observe an instrument flight. The aircraft was a twin engine design and the pilot was experienced, holding a license with instrument and twin engine ratings. Appellant, a novice pilot with 400 hours of flight time, held a license which did not include either instrument or twin engine ratings. A few weeks prior to the crash, appellant had received classroom instruction in instrument flying; however, he failed to pass the written examination at the conclusion of the classroom instruction and did not receive any instrument in-flight training.

The crash occurred on the return trip while the pilot was attempting an instrument landing as visibility was poor. Appellant testified that he had scanned the instrument panel a few seconds before the crash and recalled observing that the air speed was 145 and the altimeter was between 1300 and 1400 feet MSL (mean sea level). When he looked up, appellant saw a tree through the windshield of the airplane. Appellant testified that he had no time to utter a warning prior to impact. The crash site was at an altitude of 1045 feet MSL and approximately three miles west of Fulton County Airport, the final destination. The minimum altitude restriction for this area is 1520 feet MSL. This altitude restriction was published in a navigational chart called an "approach plate" prepared by FAA Air Traffic Controllers. An approach plate gives courses, frequencies and other information which must be followed in making an instrument approach to a particular runway.

Appellant contended at trial that the pilot was grossly negligent in flying the aircraft below published minimum altitude restrictions; failing to adequately monitor aircraft instrumentation; failing to properly utilize available radio and navigational equipment; and otherwise operating the aircraft in a wreckless manner. Appellee denied all allegations of negligence and countered that even if the pilot was grossly negligent, appellant in the exercise of ordinary care could have avoided the consequences; that appellant was negligent in failing to exercise ordinary care for his own safety; that he knowingly and voluntarily assumed the risk

of injury; and that the occurrence was pure accident.

1. The trial court gave appellee's request to charge as follows: "Ladies and Gentlemen of the jury I charge you that the testimony of a party, particularly where vague, equivocal, or self-contradictory, is to be construed most strongly against him, and if that version of his testimony most unfavorable to him shows that he is not entitled to recover, he cannot prevail unless he introduces other witnesses whose testimony is sufficient to establish his contentions." Appellant contends this charge is an incorrect statement of the law and is not authorized when a party presents other evidence in support of his contentions. We agree.

"The rule is: 'The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him *when* it is self-contradictory, vague, or equivocal . . . [a]nd he "is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him." ' [Cit.]" *Western & Atlantic R. v. Mathis,* 63 Ga. App. 172, 177 (10 SE2d 457) (1940). (Emphasis supplied.) The court's addition of the word "particularly" to the phrase "where vague, equivocal, or self-contradictory" changed that phrase from one of mandatory limitation to one of emphasis and effectively deleted the condition upon which a party's testimony is to be adversely construed. However, since the judgment must be reversed on other grounds, we need not decide whether the charge given by the court constitutes reversible error.

2. The court's three charges on avoidance of the consequences were enumerated as error as not being authorized by the evidence. Appellant testified that although he had studied instrument landings and was generally familiar with flying an airplane, he had not studied the approach plate for this landing and was not familiar with this particular airplane. Appellant further testified that he was not aware that anything might be amiss until he saw the tree directly in front of the aircraft. At that time there was no time to give a warning to the pilot. Based on this testimony the fact that appellant occupied the co-pilot's chair, appellee contends that appellant was aware, or reasonably should have been aware, if the pilot was operating the aircraft in a negligent manner.

The situation in this case is comparable to automobile guest passenger cases where the guest is seeking to recover and the negligence of the driver is in issue. Ga. L. 1933, pp. 99, 101 (Code Ann. § 11-107). " 'No duty devolves upon the guest passenger, who has no right or duty to control the operation of the [airplane], unless the circumstances are such that he is afforded a reasonable

opportunity to take appropriate action to avoid being injured.' [Cit.] A guest passenger is not bound to exercise the same degree of care and diligence as a [pilot] of an [airplane] in which the guest is riding ... In every case we have found holding that a guest passenger had a duty to take some affirmative action such as to warn his host driver of a hazard, it appears from the facts and circumstances that the guest had actual knowledge of the hazard coupled with an opportunity to take appropriate action to avoid injury to himself or to warn the host driver of the hazard. [Cits.]" *Browning v. Kahle,* 106 Ga. App. 353, 355 (126 SE2d 892) (1962). The evidence is insufficient to show that appellant had notice of the hazard which imperiled his safety. There is no duty on a guest passenger to keep a lookout so that if the pilot makes a mistake, he can correct the pilot. *Adams v. U. S. Fidelity &c. Co.,* 125 Ga. App. 232 (3) (186 SE2d 784) (1971). Therefore, the court's charges on avoidance of the consequences were error. *Browning,* supra, at 356-357.

3. The court's three charges on assumption of risk are also enumerated as error as not being authorized by the evidence. Appellee asserts that appellant knowingly and voluntarily assumed the risk of physical injury from a crash when he continued with a flight which he knew would involve an instrument approach in very poor weather conditions. Under the circumstances of this case, we cannot say that such conduct amounted to an assumption of a known risk. "In order for a defendant to invoke the doctrine of assumption of the risk it must be established that the plaintiff deliberately chose an obviously perilous course of conduct and fully appreciated the danger involved." *Owens-Illinois, Inc. v. Bryson,* 138 Ga. App. 78, 79 (225 SE2d 475) (1976). There is no evidence to the effect that the deceased was an unsafe pilot, that the airplane was unsafe or that the weather conditions were prohibitive. The trial court erred in charging the jury on assumption of risk. *Browning,* supra, at 356.

4. Appellant asserts that the evidence did not justify the court's charge on the doctrine of accident. However, appellee presented several witnesses whose testimony was to the effect that inaccuracies in ground-based navigational facilities could have caused the crash by indicating to the pilot that he was clear to descend before it was actually safe to do so. "Where the defendant denied liability, and offered evidence to show that the injury was the result of an accident, the defendant was entitled to a charge adjusted to this theory ... " *Hilton & Dodge Lumber Co. v. Ingram,* 119 Ga. 652 (11) (46 SE 895) (1903); see *Chenall v. Palmer Brick Co.,* 117 Ga. 106 (43 SE 443) (1902).

154

5. Appellant also asserts that the court's three charges on circumstantial evidence were misleading and not justified by the evidence. As there were facts in evidence from which other facts could be inferred, a charge on circumstantial evidence was authorized. Code § 38-102. The charge given by the court accurately reflects the rule "that where circumstantial evidence is relied upon to establish a conclusion and the uncontradicted circumstantial evidence gives equal support to inconsistent conclusions or theories, the judgment as a matter of law must go against the party having the burden of proof. [Cits.]" *Liberty Nat. Life Ins. Co. v. Liner,* 113 Ga. App. 710, 712 (149 SE2d 523) (1966). Appellant's contentions to the effect that the charges misled the jury as to which party had the burden of proof are without merit.

6. Appellant's contention that the court erred in charging as to the effect of equally balanced evidence is without merit. *Hill v. Hospital Authority,* 137 Ga. App. 633, 637 (224 SE2d 739) (1976).

7. The final enumeration of error is that the court's charge taken as a whole was repetitive, argumentative and unduly stressed appellee's contentions in derogation of appellant's right to a fair trial. We believe the charge is open to such criticism. However, further comment upon this subject is unnecessary, for instructions at the new trial will undoubtedly avoid such objectionable features. See *Gates v. Southern R. Co.,* 118 Ga. App. 201 (3a) (162 SE2d 893) (1968); *Wilson v. Harrell,* 87 Ga. App. 793 (11) (75 SE2d 436) (1953).

8. Appellee contends that, in the event any of her requests to charge were erroneously included in the trial court's instructions to the jury, the jury verdict in her favor was nonetheless the only verdict legally possible and a second trial is not required. In support of her contention, appellee cites *Gaddis v. Ga. S. & F. R. Co.,* 145 Ga. App. 826 (245 SE2d 8) (1978) which holds that errors in the instructions of the court will not require a second trial where the verdict was demanded as rendered. However, the record before us does not support appellee's contention that the verdict in favor of appellee was the only one legally possible. For the reasons set forth in this opinion, appellant is entitled to a new trial.

*Judgment reversed. Quillian, P. J., concurs. Birdsong, J., concurs in the judgment only.*

ARGUED OCTOBER 18, 1979 — DECIDED MARCH 12, 1980 — REHEARING DENIED MARCH 27, 1980 —

*G. Michael Hartley, Glover McGhee, William Norman Robinson,* for appellant.
*Edgar A. Neely, III,* for appellee.