### 58562. PILGRIM v. OSBURN.

POPE, Judge.

The opinion of this court in *Pilgrim v. Osburn,* 154 Ga. App. 150 (267 SE2d 776) (1980) was reversed by the Supreme Court on certiorari in 246 Ga. 688 (273 SE2d 118) (1980), and remanded to this court for such further action as may be necessary. In our previous opinion this court did not rule on the merits in two of appellant's enumerations.

1. In Division 7 of this court's previous opinion, it was determined that the charge of the trial court, when taken as a whole, was "repetitive, argumentative and unduly stressed appellee's contentions in derogation of appellant's right to a fair trial." *Pilgrim v. Osburn,* supra at 154. This determination was based to a large degree upon this court's conclusion that the trial court had erred by giving the jury several instructions as to "avoidance of the consequences" and "assumption of risk." In light of the Supreme Court's ruling that these instructions were properly given, this court has reexamined the whole charge given by the trial court and concludes that appellant was not prejudiced thereby. Accord, *Moore v. Green,* 129 Ga. App. 268 (2) (199 SE2d 317) (1973).

2. In the first division of our previous opinion, we held that the trial court had given an improperly worded instruction as to contradictory testimony of a party. Notwithstanding the trial court's phraseology, this charge, in and of itself, does not constitute grounds for a new trial when considered in light of the entire charge and the evidence. Accord, *Hicks v. State,* 146 Ga. 221 (3) (91 SE 57) (1916); *Atlanta R. & Power Co. v. Johnson,* 120 Ga. 908 (3) (48 SE 389) (1904).

The judgment of this court is vacated and the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, C. J., and Birdsong, J., concur.*

*G. Michael Hartley, Glover McGhee, William N. Robinson,* for appellant.
*Edgar A. Neely III,* for appellee.