### 38930. SELLERS v. WHITE.

TOWNSEND, Presiding Judge. 1. This is an action for damages by a guest passenger in an automobile against the driver of another vehicle which allegedly collided with the one in which she was riding. The evidence of the plaintiff and her husband is to the effect that she was riding in the right front seat traveling along a dual-lane paved highway at a speed not exceeding 30 to 45 miles an hour, that her husband was driving in a proper manner; that the defendant's car pulled suddenly into the highway without stopping at the stop sign at the intersection of a secondary road with the highway; that she and her husband first saw it entering the road when only 15 or 20 feet away, and that there was no way of avoiding the collision. The evidence of the defendant was to the effect that it was not his automobile which collided with that driven by the plaintiff's husband. Under no theory of the pleadings or evidence was an issue raised as to whether the plaintiff, by the exercise of any diligence on her part, could have avoided her injuries. It was accordingly error to condition the plaintiff's right to recover upon proof that she "by the exercise of ordinary care and diligence could not have avoided the consequences of the defendant's negligence after it became apparent, or should have become apparent to her." *Kuttner v. Swanson,* 59 Ga. App. 818 (3) (2 SE2d 230); *Cooper v. Ga. Power Co.,* 44 Ga. App. 581 (162 SE 302); *Mishoe v. Davis,* 64 Ga. App. 700 (21) (14 SE2d 187); *Johnston v. Pittard,* 62 Ga. App. 550 (1) (8 SE2d 717); *Bellamy v. Ga. Power Co.,* 67 Ga. App. 569 (1) (21 SE2d 294); *Wade v. Drinkard,* 76 Ga. App. 159 (7) (45 SE2d 231); *Toles v. Hair,* 83 Ga. App. 144 (1) (63 SE2d 3); *Healan v. Powell,*

91 Ga. App. 787 (3a) (87 SE2d 332); *Smith v. Harrison,* 92 Ga. App. 576 (4, 5) (89 SE2d 273). Special grounds 1 and 2 of the motion for new trial show reversible error.

2. It was not error for any reason assigned to charge that sympathy for the plaintiff should play no part in the deliberations of the jury, and that the plaintiff would be entitled to recover only if it was shown by a preponderance of the evidence that the defendant was negligent in one or more of the particulars alleged in the petition and that such negligence was a contributing proximate cause of the plaintiff's injuries.

3. The defendant tendered two accusations charging him with the offenses of drunk driving and leaving the scene of the accident together with a record showing both charges had been *nol prossed.* Upon objection by plaintiff's counsel the court stated he was allowing them for the limited purpose of rebutting other testimony to the effect that the defendant had been arrested on the night in question. Defendant's counsel then formally offered the documents in evidence and the court said to counsel for the plaintiff, "Any objections, Mr. Bell?" to which counsel replied, "I think not, Your Honor." "Where evidence is objected to and the court, in response to the objection, states that he does not admit it generally, but admits it for a special purpose, and counsel for the objecting party, upon ascertaining the purpose for which it is to be admitted, makes no further objection to it, no valid assignment of error can be based on the court's act in admitting it." *Bowers v. Southern Ry. Co.,* 10 Ga. App. 367 (6) (73 SE 677).

4. Special grounds of a motion for new trial which complain of the admission of evidence merely on the grounds that it is immaterial and a conclusion, but which fail to show that the testimony was harmful or prejudicial to the defendant, are without merit. *Stewart Oil Co. v. Schell,* 212 Ga. 459 (3) (93 SE2d 700).

5. A question propounded to a witness as to what statements that witness had himself previously made to others is not objectionable as hearsay, the only objection urged in special ground 7 of the motion for a new trial. Whether or not the testimony would have been inadmissible against some other objection not urged at the time cannot be considered by this court. *Giles v. Vandiver,* 91 Ga. 192 (6) (17 SE 115).

6. Whether the verdict is against the preponderance of the evidence is a question which addresses itself to the discretion of

**150**

a trial court but is not within the jurisdiction of this court. *Smith. v. State,* 95 Ga. App. 775 (98 SE2d 606). The general grounds of the motion for new trial are without merit. The trial court erred in overruling the motion·for new trial for the reason set out in the first division of this opinion.

*Judgment reversed. Frankum and Jordan, JJ., concur.*

DECIDED JUNE 22, 1961—REHEARING DENIED JULY 11, 1961.

*Hallie Bell,* for plaintiff in error.

*Jones, Sparks, Benton & Cork, Frank C. Jones, Ed L. Benton,* contra.