## 35213. SKRINE v. THE STATE.

HALL, Justice.

Skrine's single enumeration of error on appeal from his murder conviction is the giving of a charge which he asserts was burden-shifting under Sandstrom v. Montana, — U.S. — (99 SC 2450, 61 LE2d 39) (1979).

His jury were charged in language very similar to Code § 26-604 that there was a presumption "that a

person intends to accomplish the natural and probable consequences of his acts . . ." but, "I instruct you, however, this presumption may be rebutted."

The judge further charged, "I also instruct you a person will not be presumed to act with criminal intention, but the trier of the facts may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted." This latter charge quoted Code § 26-605.

Passing over the issue presented by the facts that Skrine's trial defense was self-defense and that he at no time denied the intent to shoot the victim, we find as a matter of law no error in the charge as a whole as given. This was not the kind of mandatory presumption presented in Sandstrom, which could have been interpreted by reasonable jurors as either conclusive or burden-shifting. As the court wrote, Sandstrom's jury "were not told that the presumption could be rebutted . . ." 61 LE2d 39, supra.

The charges given Skrine's jury on this subject, taken together, created merely a permissive presumption of the type considered in County Court of Ulster County v. Allen, — U.S. — (99 SC 2213, 60 LE2d 777) (1979). Such a presumption "allows — but does not require — the trier of fact to infer the elemental [element of the crime] fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant." Id., 60 LE2d 777. Such presumptions are not inherently unconstitutional, but are to be tested by the "rational connection" test of Leary v. United States, 395 U. S. 6 (1969), under which we ask if the ultimate fact to be presumed "is more likely than not to flow from the proved fact . . ." 395 U. S. at 36.

Obviously it is more likely than not that a normal defendant intends the natural and probable consequences of his acts, and the presumption was entirely rational. See *Patterson v. State*, 239 Ga. 409, 418 (238 SE2d 2) (1977).

The sole enumeration of error being without merit, the conviction is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 3, 1979 — DECIDED OCTOBER 23, 1979.

*Frank B. Hester,* for appellant.

Melvin Skrine, *pro se.*

*Lewis N. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.