### 57629, 57630. MAXWELL et al. v. THE STATE; and vice versa.

UNDERWOOD, Judge.

Three defendants jointly appeal their conviction of distributing obscene material and the state appeals the

trial court's post-conviction determination that the showing of several obscene films or portions of obscene films as a single theatre exhibition constitutes only one count of violating Code Ann. § 26-2101 rather than multiple counts which was the basis upon which the trial had been held.

An investigator went to the Plaza Adult Theatre, purchased a ticket and viewed the exhibition then being offered consisting of two feature films and four previews of coming attractions. Based upon an affidavit describing the nature and content of the films, he obtained a search warrant authorizing seizure of the film. The following day he returned to the theatre, purchased a ticket from defendant Maxwell who worked as the cashier and ticket-taker. After viewing a portion of the film, the investigator went to the projection room, seized the film and arrested the defendant Honey who worked as the projectionist. L & P Enterprises, Inc., the third defendant, is the alleged owner and operator of the theatre.

After a jury trial all three defendants were convicted of six counts of distributing obscene material. After a presentence investigation the trial court imposed sentence upon defendant Maxwell as follows: Count 1, 12 months probation, four weekends to be spent in jail and a $500 fine; Count 2, 12 months probation to run consecutive to that imposed under Count 1, and 12 months probation on each of the remaining counts to run concurrently with Count 2. Defendant Honey was sentenced to 12 months probation, four weekends in jail and a $750 fine on Count 1; for Count 2, 12 months probation to follow that imposed under Count 1, and for the remaining counts 12 months probation to run concurrently with that imposed under Count 2. The corporate defendant was sentenced to a fine of $5,000 on each count.

Upon consideration of a motion for new trial, the trial court ordered the verdict and sentences on Counts 2 through 6 be vacated and set aside as to all three defendants. The order of the trial court provided that "when a single, uninterrupted, continuous showing of six different films was made to a single movie-goer for one indivisible price and a single exhibition and thus in one continuous transaction, defendants committed 'the

offense of distributing obscene materials.' [Code Ann. § 26-2101.] Under these facts, the exhibition constituted one crime. The fact that six films, including four previews of coming attractions, were involved does not make it six crimes. It is the exhibition of 'the material' that makes the conduct criminal." A new trial was denied as to Count 1.

1. We will deal first with the issues raised by the state's appeal. Code Ann. § 26-2101 (a) provides, in pertinent part: "A person commits the offense of distributing obscene materials when he sells, lends, rents, leases, gives, advertises, publishes, exhibits or otherwise disseminates to any person any obscene material of any description, knowing the obscene nature thereof, or offers to do so, or possesses such material with the intent to do so, provided that the word 'knowing,' as used herein, shall be deemed to be either actual or constructive knowledge of the obscene contents of the subject matter, and a person has constructive knowledge of the obscene contents if he has knowledge of facts which would put a reasonable and prudent person on notice as to the suspect nature of the material."

The state contends that a proper construction of Code § 26-2101 is that each film exhibited and found to be "obscene material" represents a separate and distinct crime. In support of this construction, the state submits that obscenity cases are comparable to forgery cases in which our Supreme Court has held that possession of multiple checks in a single transaction constitutes as many counts as there are checks. *Patterson v. Caldwell,* 229 Ga. 321 (191 SE2d 43) (1972); *Nolley v. Caldwell,* 229 Ga. 441 (192 SE2d 151) (1972).

We are also cited the following: *Webb v. State,* 68 Ga. App. 466 (23 SE2d 578) (1942) in which the defendant was successfully charged with three counts of murder and two counts of assault with intent to commit murder after being involved in an automobile collision; *Pryor v. State,* 238 Ga. 698 (234 SE2d 918) (1977) in which the defendant was charged with multiple counts after firing three shots into the victim; *Howard v. State,* 144 Ga. App. 208 (240 SE2d 908) (1977) in which the defendant was charged with multiple counts for possessing several different drugs in violation of the Controlled Substances Act.

The defendants have called our attention to cases in two states, Louisiana and Minnesota, which hold that where there is but one purchase of several items of obscene material at the same time and place, there is but one violation of the obscenity laws of those states. Louisiana v. Hungerford, 278 S2d 33, 34; Louisiana v. Todd, 278 S2d 36; State of Minnesota v. Carlson, 192 NW2d 421. Defendants further insist that their position is supported by *Hardin v. State*, 141 Ga. App. 115 (232 SE2d 631) (1977) in which it was held that receiving several stolen articles is but one offense, and by *Breland v. State*, 135 Ga. App. 478 (218 SE2d 153) (1975) in which it was held that the theft of two trucks, taken from the same place at the same time from the same owner constitutes one offense.

The United States Supreme Court has held that unless otherwise provided by statute, a defendant convicted under an indictment charging two or more distinct offenses may be punished for both or all, if each offense requires proof of some fact or element not required to establish the other offense. However, for separate offenses charged in one indictment to carry separate punishments, they must rest on distinct criminal acts. *If they were committed at the same time and place and parts of a continuous criminal act*, and inspired by the same criminal intent, they are susceptible of only one punishment. See Bell v. United States, 349 U. S. 81 (75 SC 620, 99 LE 905).

We find the trial court's order to be correct in holding that a "single, uninterrupted, continuous showing" of multiple films as part of a single exhibition constitutes only one count of "distributing obscene materials" in violation of Code Ann. § 26-2101.

The state's concern about this interpretation translates into a practical contention that there should be some relationship between the severity of the punishment permitted and the quantity of the obscene materials distributed, i. e., the number of films shown. We observe that this is a reasonable concern, but one which should be directed to the legislature inasmuch as the statute as now written makes no differentiation of offenses based upon quantity or number of units of obscene material distributed. We are aware that some jurisdictions have

made such a differentiation. See Kentucky Penal Code § 531.020.

2. In regard to Enumerations 1 and 2 of the three defendants' appeal, there is no evidence of record connecting L & P Enterprises, Inc. to the Plaza Adult Theatre. Exhibit 5 shows that the principal office of L & P Enterprises is at 381 Venable Street, Atlanta; Exhibit 7 is an application for a business license to operate the Plaza Theatre at 1049 Ponce de Leon Avenue, Atlanta. Nowhere in Exhibit 7 is there any indication that L & P Enterprises is the applicant, or has any connection with the application for a license to operate the Plaza Theatre. The state, in effect, concedes this issue, for in its brief it states it is "unable to argue the question of whether or not the evidence was sufficient to support the conviction of the corporate defendant." Accordingly, the trial court erred in not granting the motion for a verdict of acquittal as to L & P Enterprises, Inc.

3. Enumeration 3 asserted by the appellants (defendants below) is that the trial court erred in instructing the jury that "[a] person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts . . ."

This court in *Whisenhunt v. State*, 152 Ga. App. 829 (1979) recently reconsidered its decision in *Whisenhunt v. State*, 146 Ga. App. 571 (246 SE2d 691) (1978), which was vacated by the United States Supreme Court and remanded for further consideration in light of that court's decision in Sandstrom v. Montana, — U. S. — (99 SC 2450, 61 LE2d 39) (1979) and County Court of Ulster County, New York v. Allen, — U. S. — (99 SC 2213, 60 LE2d 777) (1979).

We note initially that the instruction complained of is only one portion of the court's instruction relating to intent, and we think it appropriate to set forth the trial court's full instructions dealing with presumptions, as follows: "Now, there are certain presumptions which are applicable to this case. The acts of a person of sound mind and discretion are presumed to be the product of the person's will, but that presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the

presumption may be rebutted. A person will not be presumed to act with criminal intention, but the trier of fact — That is you — may find this intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused and the accused here are prosecuted.

"A person shall not be found guilty of any crime committed by misfortune or accident, where it satisfactorily appears there was no criminal scheme, undertaking or intention or criminal negligence."

In *Skrine v. State*, 244 Ga. 520 (1979), the Georgia Supreme Court addressed this issue and the instruction in *Skrine* was virtually identical to that under consideration here. Our Supreme Court held: "[w]e find as a matter of law no error in the charge as a whole as given. This was not the kind of mandatory presumption presented in Sandstrom, which could have been interpreted by reasonable jurors as either conclusive or burden-shifting. As the Court wrote, Sandstrom's jury 'were not told that the presumption could be rebutted . . .' 47 USLW at 4721.

"The charges given Skrine's jury on this subject, taken together, created merely a permissive presumption of the type considered in County Court of Ulster v. Allen, (47 USLW 4618, decided June 4, 1979). Such a presumption 'allows — but does not require — the trier of fact to infer the elemental (element of the crime) fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant.' Id., 47 USLW at 4622. Such presumptions are not inherently unconstitutional, but are to be tested by the 'rational connection' test of Leary v. United States, 395 U. S. 6 (1969), under which we ask if the ultimate fact to be presumed 'is more likely than not to flow from the proved fact . . .' 395 U. S. at 36.

"Obviously it is more likely than not that a normal defendant intends the natural and probable consequences of his acts, and the presumption was entirely rational. See *Patterson v. State*, 239 Ga. 409, 418 (238 SE2d 2) (1977)." *Skrine v. State*, supra. In view of the Georgia Supreme Court's application of Sandstrom principles to the trial court instructions in *Skrine v. State*, supra, which were virtually identical to the instructions in *Whisenhunt* and

the instant case, we find, on this record, no merit to this enumeration.

4. The error complained of in Enumeration 4 regarding the trial court's instruction on constructive knowledge has been decided adversely to appellants by our Supreme Court. *Sewell v. State,* 238 Ga. 495-496 (233 SE2d 187) (1977). Accordingly, this enumeration is without merit.

*Judgment affirmed in part and reversed in part in Case No. 57629. Judgment affirmed in Case No. 57630. McMurray, P. J., and Banke, J., concur.*

SUBMITTED APRIL 10, 1979 — DECIDED NOVEMBER 29, 1979 — REHEARING DENIED DECEMBER 14, 1979 — 

*Glenn Zell,* for appellants.
*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, James L. Webb, Assistant Solicitors,* for appellee.