### 55640. WHISENHUNT v. THE STATE.

UNDERWOOD, Judge.

On June 15, 1978 this court affirmed the conviction of Whisenhunt for selling an obscene magazine and possessing obscene devices with intent to sell in violation of Code Ann. § 26-2101. One of the enumerations of error which was not specifically addressed in our decision was the appellant's contention that the trial court erred by instructing the jury that "[a] person of sound mind and discretion is presumed to intend the natural and probable consequences of his act." The judgment of this court was vacated on June 25, 1979 by order of the Supreme Court of the United States and remanded for further consideration in light of that court's decisions in Sandstrom v. Montana, —— U. S. —— (99 SC 2450, 61 LE2d 39) (1979) and County Court of Ulster County, New York v. Allen, —— U. S. —— (99 SC 2213, 60 LE2d 777) (1979).

In the two cases cited above, the United States Supreme Court presents an analysis of the constitutional parameters of jury instructions which invoke the use of presumptions. The Montana jurors who convicted Sandstrom were instructed by the trial judge that "the law presumes that a person intends the ordinary consequences of his voluntary acts." The court's opinion points out "[t]hey were not told that they had a choice, or that they might infer that conclusion; they were told only

that the law presumed it. It is clear that a reasonable juror could easily have viewed such an instruction as *mandatory*." (Emphasis supplied.) Sandstrom, supra.

In County Court of Ulster v. Allen, supra, the judge instructed the jurors that they were entitled to infer possession (all of firearms) from the defendants' presence in the car in which such firearms were confiscated. The court observed that "[t]he trial judge's instructions make it clear that the presumption was merely a part of the prosecution's case, that it gave rise to a permissive inference available only in certain circumstances, rather than a mandatory conclusion of possession, and that it could be ignored by the jury even if there was no affirmative proof offered by defendants in rebuttal." In the instant case, after instructing the jury that "a person of sound mind and discretion is presumed to intend the natural and probable consequences of his act," the trial judge continued: "This presumption may be rebutted. A person will not be presumed to act with criminal intention, but you may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted." See Code Ann. § 26-605. We are therefore confronted with the question of whether the instructions set forth here, as applied to the record before us, states a mandatory, and therefore unconstitutional presumption, or rather a permissive presumption. The Georgia Supreme Court has addressed this issue in *Skrine v. State,* 244 Ga. 520 (1979), and since we find nothing in the record of the instant case to justify a different result, we will adopt and apply the reasoning of the *Skrine* decision to this case. The instruction considered in *Skrine* is virtually identical to that under consideration here. Our Supreme Court held "we find as a matter of law no error in the charge as a whole as given. This was not the kind of mandatory presumption presented in Sandstrom, which could have been interpreted by reasonable jurors as either conclusive or burden-shifting. As the Court wrote, Sandstrom's jury 'were not told that the presumption could be rebutted...' 61 LE2d 39, supra.

"The charges given Skrine's jury on this subject,

taken together, created merely a permissive presumption of the type considered in County Court of Ulster v. Allen, — U. S. — (99 SC 2213, 60 LE2d 777) (1979). Such a presumption 'allows — but does not require — the trier of fact to infer the elemental (element of the crime) fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant.' Id. 60 LE2d 777. Such presumptions are not inherently unconstitutional, but are to be tested by the 'rational connection' test of Leary v. United States, 395 U. S. 6 (1969), under which we ask if the ultimate fact to be presumed 'is more likely than not to flow from the proved fact. . .' 395 U. S. at 36.

"Obviously it is more likely than not that a normal defendant intends the natural and probable consequences of his acts, and the presumption was entirely rational. See *Patterson v. State,* 239 Ga. 409, 418 (238 SE2d 2) (1977)." *Skrine v. State,* supra, p. 521.

In view of the Georgia Supreme Court's application of Sandstrom principles to the trial court instructions in *Skrine v. State,* supra, which were virtually identical to the instructions in the instant case, we find, on this record, no reversible error.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted April 10, 1979 — Decided December 3, 1979 — Rehearing denied December 20, 1979.

*Glenn Zell,* for appellant.
*Hinson McAuliffe,* Solicitor, *George M. Weaver, Leonard W. Rhodes,* Assistant Solicitors, for appellee.