## 59443. DIX v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted on one count of rape and one count of aggravated sodomy, occurring on September 5, 1978, as to a female named therein. He was also indicted on one count of rape and one count of aggravated sodomy performed on another female against her will on September 14, 1978. These two cases were consolidated for trial. The jury returned its verdict of not guilty as to the offenses of rape and aggravated sodomy occurring on September 5, 1978, but as to the offenses of rape and aggravated sodomy occurring on September 14, 1978, the defendant was found guilty on both counts and sentenced to serve a term of 15 years on each count to run concurrently. A motion for new trial was filed, amended, and after a hearing, denied. Defendant appeals. *Held:*

The first enumeration of error complains that it was reversible error for the prosecutor to state his belief as to defendant's guilt during closing argument. Our examination of the transcript of the evidence and proceedings discloses that the argument of counsel was not transcribed. However, during the assistant district

attorney's argument on behalf of the state, counsel for the defendant apparently made an objection and the jury was excused to the jury room. Out of the presence of the jury defense counsel contended in objecting to remarks of the assistant district attorney in his closing argument that he used words "to the effect of quote, Why in the name of God would I come before you and prosecute . . . [defendant] . . . for something I did not think he did." Defense counsel contends this was highly prejudicial in that it was a remark of personal opinion by a state official and "we object to those remarks, Your Honor." Whereupon the assistant district attorney stated that this remark was made as a comment on defense counsel's statement that the state had deliberately come forward and "just sort of thrown something together here and accused his client." He further stated that he thought it was necessary to argue to the jury that neither the officers involved in the case nor himself had just "thrown things together" as that is not the way cases are handled. Whereupon defense counsel contends that he did not address any personal remarks toward the prosecutor's office in his closing summation to the jury although he did criticize "and rightfully so, the manner of investigation, the manner of arrest, and the manner in which the case was handled in the investigatory stage," but there were no remarks about the prosecutor, none whatsoever, but that it was still a personal opinion which the courts have held a prosecutor does not have the right to argue to the jury. Upon the return of the jury, the court instructed them "to disregard this last statement made by the prosecutor in this case," and instructed the assistant district attorney to proceed with a closing argument. Code § 81-1009 is concerned with the improper conduct by counsel and the duty of the court to interpose and prevent same. On the objection of counsel for the defendant, the trial court instructed the jury to disregard the statement. The language of this code section reads as follows: "[O]n objection made . . . [the court] . . . shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." No motion for mistrial was made

and no further instructions were requested of the court after the court took the action to instruct the jury to disregard the statement made. We note here that we do not have the entire closing argument made by the assistant district attorney and only the discussion between them before the court. The trial court is vested with a broad discretion in passing upon objections to alleged improper argument. *Spence v. Dasher,* 63 Ga. 430. A new trial is not required on account of improper argument unless a ruling thereon be invoked by timely objection. We cannot say the action taken by the trial court was insufficient to remove any improper impression as to the argument from the minds of the jury. While there was no rebuke, without the actual language used, we do not know that a rebuke in this instance was necessary. We cannot hold that the trial court manifestly abused its discretion in merely instructing the jury to disregard the last statement made in this instance. See *James v. State,* 215 Ga. 213, 215 (4) (109 SE2d 735), and cits. Counsel for the defendant made no request that the court rebuke the assistant district attorney and made no motion for mistrial. There is no merit in this complaint. *Lenear v. State,* 239 Ga. 617, 620 (12, 13) (238 SE2d 407); *Burgess v. State,* 149 Ga. App. 630, 631 (1) (255 SE2d 100); *Mach v. State,* 111 Ga. App. 423, 424 (2) (142 SE2d 87); *Barnes v. State,* 111 Ga. App. 348 (141 SE2d 785); *Kendrick v. Kendrick,* 218 Ga. 460 (4), 462 (128 SE2d 496).

Error is also enumerated that the trial court erred in charging "the jury as to presumptions regarding the defendant's acts and the consequences of those acts." Specifically the charge complained of is that the court instructed the jury "that the acts of a person of sound mind and discretion are presumed to be the product of the person's will. And such person is presumed to intend the natural and probable consequences of their acts." However, the court also charged the jury that "these presumptions may be rebutted." The trial court immediately followed this portion of its charge with the instructions to the jury that "[s]uch person, however, will not be presumed to act with criminal intention, but you, the jury, may find such intention upon consideration of the words, the conduct, the demeanor, the motive, and all

other circumstances connected with the act for which the accused is on trial, it being your duty to carefully evaluate all of the relevant circumstances in that regard, *the question of intent resting finally with you.*" (Emphasis supplied.) Counsel now contends that under Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) and other cases of the United States Supreme Court the giving of an instruction such as this is fatal to the validity of a criminal conviction and is violative of the constitutional rights of the defendant. However, both this court and our Supreme Court have held that the presumption statutes of this state which clearly disclose that such presumptions are rebuttable from the evidence do not offend the rule in Sandstrom v. Montana, 442 U. S. 510, supra. See *Skrine v. State,* 244 Ga. 520, 521 (260 SE2d 900); *Whisenhunt v. State,* 152 Ga. App. 829 (1979); *Maxwell v. State,* 152 Ga. App. 776 (1979). We find no merit in this complaint.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 5, 1980 — DECIDED MARCH 12, 1980.

*Mary Welcome, Steven H. Sadow,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.