59383. DUFFIE v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of knowingly and wilfully obstructing and hindering a law enforcement officer in the lawful discharge of his duties. Code Ann. § 26-2505. Finding no error, we affirm.

1. Appellant contends that the trial court's failure to instruct more fully on what constitutes the "lawful discharge of official

duties" mandates a reversal of its adverse judgment. We cannot agree.

"The court charged the jury, using the language of the statute, that a person who 'knowingly and wilfully obstructs any law enforcement officer in the lawful discharge of his official duties,' is guilty of a misdemeanor. No futher definition or explanation of the charge would be necessary without written request." *Ratliff v. State,* 133 Ga. App. 256 (2) (211 SE2d 192). No request appearing, the charge of the court was not erroneous for the reason assigned.

2. We similarly find no merit in appellant's assertion that the trial court's charge on presumptions was impermissibly burden shifting under the rationale of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39).

Although the better practice would be for the trial court to expressly advise the jury that the presumption of intent is rebuttable, the court's charge in this case, when read as a whole, created merely a permissible presumption of criminal intention, and did not create a mandatory presumption of such intent. Therefore, it was neither conclusive nor burden shifting. *Whisenhunt v. State,* 152 Ga. App. 829 (1979). See also *Skrine v. State,* 244 Ga. 520 (260 SE2d 900). It should be noted that the trial judge in his charge used the terms "[i]ntent may be shown . . . may be inferred . . ." which terms in themselves have only permissive and discretionary force.

We must also take issue with appellant's contention that the rebuttable permissive presumption on which the trial court instructed was irrational on the grounds that it was not more likely than not, under the facts in the case at bar, that defendant intended the natural and probable consequences of his actions. "Obviously it is more likely than not that a normal defendant intends the natural and probable consequences of his acts . . . [T]he presumption was entirely rational." *Skrine,* supra, p. 521.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs specially.*

ARGUED FEBRUARY 13, 1980 — DECIDED
MARCH 19, 1980.

*James P. Brown, Jr., Amy Totenberg, Barry M. Hazen, Al Horn,* for appellant.

*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.

CARLEY, Judge, concurring specially.

I concur in the judgment of the majority affirming appellant's conviction and I fully endorse the majority's conclusion that the trial court's charge here was not violative of the mandate of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). I also agree with the majority that the trial court's charge in this case "when read as a whole," neither created a mandatory presumption nor impermissibly shifted the burden of proof.

I think it instructive to note the entire segment of the court's instruction wherein appeared the allegedly offending language: "You will recall that I defined the crime as a violation of the statute in which there is a union or joint operation of act and intention. In that connection, I charge you that a *specific intent to commit the crime* charged in this indictment *is an essential element that the State must prove beyond a reasonable doubt. Intent is always a question for the Jury* and is ordinarily ascertained by acts and conduct. Intent may be shown in many ways provided the Jury finds that it existed from the evidence produced before them. *Intent may be inferred* from the proven circumstances or by acts and conduct or it *may be presumed* when it is the natural and necessary consequences of the act." (Emphasis supplied.) The jury in the Sandstrom case "was told that '*the law presumes* that a person intends the ordinary consequences of his voluntary acts.' " Sandstrom v. Montana, 442 U. S. 510, 517 (99 SC 2450, 61 LE2d 39, 46), supra. In *Whisenhunt v. State,* 152 Ga. App. 829 (1979), the trial court charged that " '[a] person of sound mind and discretion *is presumed* to intend the natural and probable consequences of his act.' " (Emphasis supplied.) *Whisenhunt,* supra. Because in *Whisenhunt* the "presumption" language of the charge was very similar to that declared defective in Sandstrom, this court — relying upon *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979) — was able to find the challenged instruction to be Sandstrom-pure only because the trial court has also instructed the jury that "this presumption may be rebutted." The last quoted phrase is absent from the charge in the instant case. However, since the language of the charge which is here under attack is distinctively different in substance and import from that in *Whisenhunt* and *Skrine* — and certainly Sandstrom — there was no necessity for the trial court to also charge as to the rebuttable nature of any presumption.