## 59265. DENTON v. THE STATE.

SHULMAN, Judge.

Defendants were convicted of possessing obscene devices with intent to sell, in violation of Code Ann. § 26-2101 (c). We affirm.

1. Appellant asserts error in the trial court's instruction that "every person is assumed to intend the natural and necessary consequences of his act" on the ground that such charge is impermissibly burden shifting under the rationale of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39).

Although the better practice would be for the trial court to

expressly advise the jury that the presumption of intent is rebuttable, the court's charge in this case, when read as a whole, created merely a permissible presumption of criminal intention, and did not create a mandatory presumption of such intent. Therefore, it was neither conclusive nor burden-shifting. *Whisenhunt v. State,* 152 Ga. App. 829 (264 SE2d 271). See also *Skrine v. State,* 244 Ga. 520 (260 SE2d 900). We consequently find no error in the charge as given.

2. This appeal was originally filed in the Supreme Court, but was transferred to this court without on opinion. The Supreme Court's refusal to review defendant's constitutional challenges to Code Ann. § 26-2101 (c) mandates the finding that appellant's contentions of error on constitutional grounds are without merit. See *Wadley Sou. R. Co. v. Faglee,* 42 Ga. App. 80 (1) (155 SE 65), revd. on other grounds, 173 Ga. 814 (161 SE 847).

3. Appellant complains of the charge on scienter. "The charge given here was in the exact language of the Code section and did not place a greater burden on appellant than 'knowledge of the . . . materials he [sought to distribute].' " *Sewell v. State,* 238 Ga. 495, 496 (233 SE2d 187).

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs specially.*

Submitted January 9, 1980 — Decided April 11, 1980 — Rehearing denied April 29, 1980 —

*Glenn Zell,* for appellant.
*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Assistant Solicitor,* for appellee.

Carley, Judge, concurring specially.

I concur in the result reached by the majority and agree with all that is said in the majority opinion. However, because state appellate courts are still treading uncertain ground in applying the rulings of the United States Supreme Court in Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), I think it important to enunciate why we believe that the charge in this case passes Sandstrom muster. Since Sandstrom, most of the cases in this court or the Supreme Court of Georgia involving an attack upon a trial court's instructions concerning presumption of intent have been affirmed because in addition to the "presumption language" the jury has been told that such presumption could be rebutted. See *Skrine v. State,* 244 Ga. 520, 521 (260 SE2d 900)

(1979); *Whisenhunt v. State,* 152 Ga. App. 829 (1979); *Maxwell v. State,* 152 Ga. App. 776 (264 SE2d 254) (1980); and *Dix v. State,* 153 Ga. App. 868 (1979). However, in *Duffie v. State,* 154 Ga. App. 61 (1980), this court affirmed the conviction notwithstanding the absence of the court's express instruction that the "presumption" was rebuttable. See the special concurrence of this writer in *Duffie* pointing out that the language of the charge in that case was not so similar to the instruction triggering criticism in Sandstrom as to require that the jury be expressly instructed in specific language that the presumption may be rebutted.

In this case the language used by the trial court was more analogous to the Sandstrom disapproved charge than that utilized in *Duffie*. However, as Judge Shulman states, "the court's charge in this case, when read as a whole, created merely a permissible presumption of criminal intention, and did not create a mandatory presumption of such intent." I agree with this conclusion based upon some of the language of the Supreme Court's decision in Sandstrom. As set forth in Mr. Justice Brennan's opinion, "Sandstrom's jurors were told that '[t]he law presumes that a person intends the ordinary consequences of his voluntary acts.' *They were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it.*" (Emphasis supplied.) Sandstrom, supra, 515. Here, following the charge excerpt quoted in the majority opinion, the trial court instructed the jury: "*The intent* with which an act is done *is a question* of fact *for the jury* and the jury is *authorized to infer the intention* with which an act is done from the circumstances surrounding the commission of the act." (Emphasis supplied.) Therefore, it appears that the additional instructions lacking in Sandstrom were given in this case.

For the above reasons, I concur with the majority's determination that the charge here was not burden-shifting and did not create a conclusive presumption.