59249. WEBB v. THE STATE.

SOGNIER, Judge.

Webb was convicted in the Superior Court of Fulton County of assault with intent to rape Clara M. Carter. On appeal Webb enumerates four errors, contending the trial court erred (1) by

denying his motion for a new trial on the general grounds; (2) by allowing a detailed statement of outcry by the victim, over objection; (3) in charging the jury on the presumption of intent; and (4) by not fully informing appellant of his post-conviction rights.

1. Evidence presented at trial indicated that at approximately 11:30 p.m., May 21, 1978 Clara Carter arrived at the nursing home where she worked. She was the only employee on duty, and after checking the patients, she returned to the nurses' station. Webb, who had been her boyfriend for about three and one-half months, was standing there by a side door. Carter jumped, as she was frightened when she saw Webb so unexpectedly, and asked him why he came to her job. Carter then sat down and Webb moved to the side of her chair and asked "Why?" Webb moved behind Carter and she suddenly felt a cord around her neck. She struggled violently, kicking out the glass in a door; she tried to ask what Webb was doing and the cord got tighter; Webb said he was going to kill Carter because she hurt him. (Webb and Carter had been engaged to marry, and about two weeks previously Carter broke the engagement.) The chair Carter was sitting in tipped over and Carter blacked out. She regained consciousness and was lying on the floor, nude from the waist down. She managed to crawl to the telephone and called her father, telling him "Bobby had tried to kill me." She also called the operator, who called the police. She then blacked out again and the police found her on the floor behind her desk. There was glass, blood and her clothing on the floor. Carter was taken to the hospital and examined. The doctor testified she was frightened, upset and in some distress. A piece of skin two by three inches was peeled off Carter's heel and was hanging loose from the heel; she had a scratch on the left side of her neck with surrounding redness of the tissues; her neck was very tender; and there was wadded up tissue paper in her vagina but no sperm was found, and there was no other evidence of intercourse. Carter testified she could not move her right arm and did not regain use of that arm for a week and a half. Webb denied being at the nursing home, and he and several defense witnesses testified Webb was at his residence until about 11:30 p.m. the night of the incident, and then he and the witnesses were at the Apothecary, a disco in Atlanta Underground, until 3:30 or 4 a.m.

We find the evidence recited above more than sufficient to sustain Webb's conviction. The weight of the evidence and credibility of witnesses are questions for the triers of fact. *Jones v. State,* 147 Ga. App. 779, 781 (4) (250 SE2d 500) (1978). We find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of Webb's guilt beyond a reasonable

doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. Appellant contends that it was error to allow Carter to testify in detail as to what she told her father when she called him. Appellant objected to this testimony on the ground that it was hearsay. The simple answer to this enumeration is that a witness' testimony as to what he (the witness) said is not hearsay. *Sellers v. White,* 104 Ga. App. 148, 149 (5) (121 SE2d 385) (1961). "Hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. . . ." Code Ann. § 38-301. In short, the hearsay rule prohibits the witness from testifying as to what another person said; it does not apply to what the witness himself said. *Sellers v. White,* supra. Thus, no error was committed by permitting Carter to testify as to what she told her father.

3. Appellant's third enumeration of error has been decided adversely to his contention. *Skrine v. State,* 244 Ga. 520 (260 SE2d 909) (1979); *Whisenhunt v. State,* 152 Ga. App. 829 (264 SE2d 271) (1979).

4. Appellant's final enumeration of error is that the trial court erred by not advising him fully of his post-conviction rights. The record discloses that the trial court asked the defense counsel if he would fully explain to his client (Webb) his rights of appeal; defense counsel agreed to do so. The court then asked the defense counsel to advise Webb not only of his right to appeal, but also to advise him of his right to have the sentence reviewed by the Sentence Review Panel; again defense counsel agreed to so advise Webb. It is apparent that the defense counsel advised Webb of his post-conviction rights, for appellant filed a motion for new trial, an application for sentence review, and the instant appeal. We find no authority supporting appellant's contention, and none is cited by him. In *Greenway v. State,* 144 Ga. App. 558 (241 SE2d 453) (1978), relied on by appellant, the trial judge took *no* action to advise Greenway, or see that he was advised, of his right to have his sentence reviewed. This is totally different than the instant case. Even assuming the action of the trial court was error, it was harmless, for appellant was obviously aware of his rights since he has availed himself of all post-conviction remedies.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

Submitted January 14, 1980 — Decided April 23, 1980.

*Michael E. Hancock,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen*

*Moye, Assistant District Attorneys,* for appellee.