59957. RITTENBERRY v. THE STATE.

CARLEY, Judge.

Appellant brings this appeal from his conviction of theft by taking.

1. The evidence supports a finding that appellant unlawfully took the purse of another with the intention of depriving the owner of said purse. *Wade v. State,* 129 Ga. App. 571 (200 SE2d 370) (1973). We find without merit appellant's argument that the evidence was insufficient to demonstrate appellant's "intent" to deprive through the taking. *Hawkins v. State,* 130 Ga. App. 277 (202 SE2d 837) (1973); *Jerome v. State,* 143 Ga. App. 649 (239 SE2d 541) (1977). A rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Citing Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), appellant enumerates error upon the giving of the following jury instruction: "It is ordinarily reasonable to infer that

the person intends the natural and probable consequences of acts which he knowingly does or knowingly omits to do." In the instant case, this Sandstrom based enumeration is not meritorious.

The jury in Sandstrom "was told that '*the law presumes* that a person intends the ordinary consequences of his voluntary acts.' " Sandstrom v. Montana, 442 U. S. 510, 517, supra. Here, however, unlike Sandstrom, the jury was merely told "that they might infer that conclusion." Sandstrom, 442 U. S. 510, 515, supra. The trial judge throughout his charge on proof of intent couched his instructions in terms which had only permissive and discretionary force. *Duffie v. State,* 154 Ga. App. 61 (267 SE2d 501) (1980). When the charge here attacked is read in the context of the charge as a whole, it merely creates a permissible inference which "allows—but does not require—the trier of fact to infer the elemental fact [intent] from proof by the prosecutor of the basic one [defendant's knowing acts or omissions] and . . . places no burden of any kind on the defendant." County Court of Ulster County v. Allen, —— U. S. —— (99 SC 2213, 60 LE2d 777) (1979). "Obviously it is more likely than not that a normal defendant intends the natural and probable consequences of his acts, and the [inference] was entirely rational. [Cit.]" *Skrine v. State,* 244 Ga. 520, 521 (260 SE2d 900) (1979). We, therefore, find the charge on permissible inference is not burden-shifting and there was no error.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MAY 13, 1980 — DECIDED JULY 8, 1980.

*C. P. Brackett, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.