## 61115. PETERSON et al. v. THE STATE.

SOGNIER, Judge.

Peterson and McAllister were convicted in the Superior Court of Fulton County of armed robbery. They appeal on the general grounds and on the special ground that the trial court erred in its charge to the jury on intent, because the charge was burden-shifting. Additionally, Peterson contends the trial court erred by admitting evidence of his pretrial identification in a lineup because it was unduly suggestive.

1. Around 8:30 p. m., November 24, 1979 Sherry Anderson was working as cashier at a self-service gas station in East Point, Georgia. Two men entered the store and robbed her at gunpoint. She put all the paper money ($804) in a bag and the two men then left the station. During the robbery, the station manager entered the station building and observed the robbery. Police arrived at the scene almost immediately and Sherry Anderson and the manager, Harold Jones, described the robbers. The police issued a "lookout" bulletin for the two men and shortly thereafter, Peterson and several other men were picked up and brought to the service station in police cars. Anderson and Jones both identified Peterson as one of the robbers; Anderson was 90% sure and Jones was 100% sure. Peterson was taken to the police station, and about two hours later, Anderson and Jones observed Peterson and another man in a "one-on-one" showup. Both Anderson and Jones positively identified Peterson as one of the robbers. Approximately a week later, police took six or seven photographs to Anderson's home. After observing the photographs, she identified McAllister as the second robber.

Several defense witnesses testified that McAllister was at home during the time the robbery occurred, attending a birthday party for his niece; McAllister's testimony was the same and he denied participating in the robbery.

The weight of the evidence and credibility of witnesses are questions for the triers of fact. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975). This court passes on the sufficiency of the evidence, not its weight (*Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978)), and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellants' guilt beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

2. The trial court charged the jury on the issue of criminal intent as follows: "I charge you that every person is presumed to be of sound mind and discretion, but that this presumption may be rebutted. I charge you that you may infer that the acts of a person of sound mind

and discretion are the products of his will, and you may infer that a person of sound mind and discretion intends the natural and probable consequences of his acts. Now, whether or not you the jury make any such inference is a matter solely within your discretion as jurors. I charge you that intent is an essential element of any crime *and must be proven by the state beyond a reasonable doubt.* (Emphasis supplied.)

"I charge you that *a person will not be presumed to act with a criminal intention,* but the trier of facts may find such intention or the absence thereof upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accuseds are being prosecuted." Although appellants contend this charge is burden-shifting under the rule set forth in Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), the court specifically charged the jury that the state had the burden of proving criminal intent beyond a reasonable doubt; that whether the jury inferred that appellants intended the natural and probable consequence of their acts was within the *discretion* of the jury; and that a person will not be presumed to act with criminal intention. These instructions did not shift the burden of proof to appellants; on the contrary, the burden was placed squarely and specifically on the state. Further, Sandstrom, supra, involved a *mandatory* presumption, whereas in the instant case, the trial court charged specifically that the inference in this case was discretionary. Accordingly, this enumeration is without merit. See, generally, *Skrine v. State,* 244 Ga. 520, 521 (260 SE2d 900) (1979); *Dix v. State,* 153 Ga. App. 868, 871 (267 SE2d 293) (1980), where the instructions were similar, although the trial courts added that the presumption may be rebutted.

3. Appellant Peterson contends the trial court erred by denying his motion to suppress a pretrial identification at a "one-on-one" showup at the police station, as it was unduly suggestive. We note initially that the cashier and manager of the service station, both of whom were present when the cashier was robbed, identified Peterson within 15 or 20 minutes of the robbery while he was sitting in the back of a police car. The cashier was "90% sure" at that time, and the manager was "100% certain" that Peterson was one of the two robbers. The showup at the police station was conducted 2 to 2-1/2 hours after the robbery. Prior to the showup the police informed Peterson of the difference between a "multi-person" lineup and a "one-on-one" showup, and advised him that he could have a lawyer present if he desired. Peterson waived his right to a lawyer, and personally elected to have a one-on-one showup rather than a lineup. Thus, he cannot now complain of such a procedure. Additionally, our

Supreme Court has held in a case involving a "showup," as opposed to a multi-person lineup, that no per se exclusionary rule applied to pre-indictment confrontations. *Yancy v. State,* 232 Ga. 167, 169 (205 SE2d 282) (1974). "Such pre-indictment confrontations . . . should be scrutinized to determine whether the line-up was 'unnecessarily suggestive and conducive to irreparable mistaken identification.' 406 U. S. 691." Id. The United States Supreme Court has held that "the admission of evidence of a showup without more does not violate due process." Neil v. Biggers, 409 U. S. 188, 198 (93 SC 375, 34 LE2d 401) (1972). Applying these rules to the instant case, we find nothing unduly suggestive about the showup. The two witnesses who were asked to view the showup had already identified Peterson shortly after the robbery, and the one-on-one showup rather than a multi-person lineup was agreed to by Peterson. The witnesses viewed the showup separately and did not talk to each other or to the police. Considering the totality of the circumstances, we find nothing unduly suggestive about the showup and no likelihood of misidentification. Accordingly, the trial court did not err by denying Peterson's motion to suppress such evidence.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED APRIL 7, 1981.

*Daniel Kane, Louis Levenson,* for appellants.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Russell J. Parker, Assistant District Attorneys,* for appellee.