## 62118. VAUGHN v. THE STATE.

CARLEY, Judge.

Appellant brings this appeal from his conviction of aggravated sodomy. In his sole enumeration of error, appellant asserts that the following charge was impermissibly burden-shifting in violation of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979): "Now, ladies and gentlemen, criminal intent, being an essential element of every crime, it is a question of fact to be determined by you whether such criminal intent existed in the mind of the defendant at the time of the alleged crime. Intent *may* be shown in many ways, provided you find that it existed from the evidence produced during this trial. It *may* be inferred, ladies and

884

gentlemen, from proven circumstances or by the acts and conduct of the defendant or it *may* be presumed when it is the natural and necessary consequence of those acts. Stated simply in layman's language, ladies and gentlemen, criminal intent simply means the intent to commit an act which the laws of the State of Georgia prohibit and forbid." (Emphasis supplied.) In particular, appellant contends that this charge violates the mandates of Sandstrom because the trial court did not expressly instruct the jury that such "presumption of intent" could be rebutted.

The jury in Sandstrom "was told that 'the law presumes that a person intends the ordinary consequences of his voluntary acts.' " Sandstrom v. Montana, 442 U. S. 510, 517, supra. Unlike the charge in Sandstrom, the instruction in the instant case was couched in terms which had only permissive and discretionary force. *Duffie v. State,* 154 Ga. App. 61 (2) (267 SE2d 501) (1980). In *Rakestraw v. State,* 155 Ga. App. 563 (3) (271 SE2d 696) (1980) a charge similar to the one given in the instant case was found to present only a permissive presumption for jury consideration. Because the language of the charge here under attack is distinctly different in substance and import from that in Sandstrom, there was no necessity for the trial court to also charge as to the rebuttable nature of the "presumption of intent." See the special concurrences of this writer in *Duffie v. State,* supra at 63, and in *Denton v. State,* 154 Ga. App. 427, 428 (268 SE2d 725) (1980).

When read as a whole, the court's charge in the instant case neither created a conclusive presumption nor impermissibly shifted the burden of proof. *Denton v. State,* supra; *Duffie v. State,* supra; *Patrick v. State,* 245 Ga. 417 (8) (265 SE2d 553) (1980). Accordingly, appellant's sole enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

Decided September 22, 1981 —
Rehearing denied October 9, 1981

*H. Haywood Turner III, Bobby Lee Cook, A. Kristina Cook Connelly,* for appellant.
*William Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.