DECIDED JANUARY 26, 1982.

*N. Forrest Montet,* for appellant.
*Stuart Finestone, Wayne Cardon,* for appellees.

## 62905. NEAL v. THE STATE.

SOGNIER, Judge.

Neal was convicted of armed robbery. On appeal, he contends the trial court erred (1) by allowing a co-defendant's plea of guilty to be entered in the presence of the entire jury panel from which appellant's jury would be selected; (2) by shifting the burden of proof to appellant by charging the jury that the acts of a person of sound mind and discretion are presumed to be the product of that person's will, and that the natural and probable consequences of acts are presumed to be intended; and (3) by refusing to give one of appellant's requested charges.

1. It is unclear from the transcript whether appellant's co-defendant had actually entered a plea of guilty in front of members of the jury trying appellant. However, even assuming that such a procedure was followed, the statement by appellant's counsel that for the record he wanted to object to such a procedure did not invoke a ruling by the court. Not only must an objection be made, but a ruling must be obtained thereon for this court to review an alleged error. If no ruling is ever made on an objection, it is deemed waived. *International &c. Local 387 v. Moore,* 149 Ga. App. 431, 434 (7) (254 SE2d 438) (1979). Further, since no motion for a mistrial was made, this enumeration of error raises no question for consideration by this court. *Askea v. State,* 153 Ga. App. 849, 852 (4) (267 SE2d 279) (1980).

Finally, there is nothing in the record to support appellant's contention that a co-defendant's plea of guilty was entered in the presence of the jury panel except defense counsel's statement that for the record, he wanted to object to such a procedure. There is nothing in the transcript to indicate that such a procedure occurred. Our Supreme Court has held that where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court pursuant to the provisions of Code § 6-805 (f). Where this is not done, there is nothing for an appellate court to review. *Zachary v. State,* 245 Ga. 2, 4 (262 SE2d 779) (1980).

2. Appellant's second enumeration of error has been decided adversely to his contention in *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979). See also, *Peterson v. State,* 158 Ga. App. 195 (2) (279 SE2d 493) (1981).

3. Appellant contends that because the evidence was all circumstantial, the trial court erred by refusing his request to charge as follows: "I charge you, 'Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence.' "

First, we do not agree that all the evidence was circumstantial. Both appellant and his co-defendant testified that they found a ski mask containing a pistol and a wallet-size billfold *before* the robbery occurred. The ski mask was identified positively by the victim as the mask the person who robbed her was wearing, and the wallet was also identified by the victim as the one taken from her in the robbery. Thus, there was direct evidence linking appellant with the offense charged.

Secondly, even assuming such evidence is circumstantial, it was not error to fail to give the requested charge. The trial judge charged the jury as follows: "I charge you that where circumstances are equally credible or compatible with guilt or innocence, so that it is reasonable to draw one inference as the other, you must adopt that inference favorable to the defendant and acquit him." This is the principle contained in the charge requested by appellant. "The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal." *Kelly v. State,* 241 Ga. 190, 191-192 (4) (243 SE2d 857) (1978). Hence, this enumeration of error is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 26, 1982.

*James W. Purcell,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.