## 64933. STATON v. THE STATE.

QUILLIAN, Chief Judge.

The defendant, William Staton, Jr., appeals his conviction of a violation of the Georgia Controlled Substances Act. *Held:*

1. It is alleged that the trial court improperly denied the defendant's motion to suppress. We do not agree. Detective Traino, Columbus Narcotic Squad, received a telephone call from a confidential informant who had not previously provided him with information leading to an arrest or conviction. The informant stated only that "a black male by the name of 'Dobie' was behind the Seventh Avenue Apartments and that he was selling heroin." Traino proceeded to a location near the Seventh Avenue Apartments and saw the defendant, William "Dobie" Staton, and several other persons behind Staton's mother's apartment. A man approached the group and spoke to defendant who went to another apartment — approximately two doors down from his mother's apartment and dug up something out of the ground. It was a brown paper sack. Although the police were observing this through binoculars all they could detect was that defendant removed something from the sack and then buried the sack again in the same location. Defendant walked back to the recently arrived person and handed him something. They saw a flash of green but could not tell if it was money. Later the police observed another person arrive and one of the men in defendant's group went over to the same area, dug up the bag, removed something, placed the bag back in the ground and covered it with dirt. The men then transferred something between them and the last person left. The police called in backup police support and then arrested the defendant and went to the area where the brown paper sack was buried. It was two apartments down from defendant's mother's apartment. They found a glassine bag inside the brown paper sack. It was turned over to the Crime Lab and determined to

contain nine small bags of heroin and under one ounce of marijuana.

The officer testified that defendant was not living in the apartment where the contraband was buried in the backyard. On that day he knew that defendant lived at 7C River Wind Apartments approximately two to three miles away. The officer had served a search warrant on him in his apartment three weeks prior to this incident. His clothing and belongings were in that apartment. The trial court denied the motion to suppress and gave as one of the grounds that this defendant had no legal basis for complaint because it was not his premises that was searched. On appeal counsel argues the contraband "would appear to be within the curtilage of the apartment" — hence, requiring a warrant to search. We do not reach this issue — but see *Bunn v. State,* 153 Ga. App. 270 (2) (265 SE2d 88).

The Fourth Amendment right against unreasonable search and seizure is a personal right and may not be asserted vicariously. Rakas v. Illinois, 439 U. S. 128 (1) (99 SC 421, 58 LE2d 387). And, an individual who claims he is aggrieved by an illegal search and seizure only through the introduction of evidence secured by a search of a third person's premises has not had any of his Fourth Amendment rights infringed. Id. The defendant had no legitimate claim to any expectation of privacy in the premises searched and may not now assert a valid claim of illegal search and seizure. Rawlings v. Kentucky, 448 U. S. 98 (100 SC 2556, 65 LE2d 633); *Wisdom v. State,* 234 Ga. 650, 653 (217 SE2d 244).

2. The defendant enumerates as error the charge of the court on intent, which stated, inter alia — "Intent may be shown in many ways . . . it may be presumed when it is the natural and necessary consequences of the acts." This exact charge was approved by this court in *Vaughn v. State,* 159 Ga. App. 883 (285 SE2d 573) and a similar charge was approved by the Supreme Court in *Adams v. State,* 246 Ga. 119, 122 (3) (269 SE2d 11).

3. Imposition of the maximum sentence for possession of heroin is claimed to be error. Defendant argues that "the trial court misunderstood that it must sentence [defendant] to serve the maximum allowable time in the penitentiary and that it could not consider allowing [the defendant] to serve a portion of his sentence on probation." We do not find the record to support the contention placed upon the trial court's words.

Defendant was indicted under the general recidivist statute Code Ann. § 27-2511 (Code § 27-2511, as amended through 1974, pp. 352, 355). The indictment cited one prior felony conviction for possessing a controlled substance. Under Code Ann. § 79A-811 (c) (Ga. L. 1974, pp. 221, 243; 1975, pp. 1112, 1113; amendments subsequent to 1977 are not applicable to this 1977 offense) the

maximum punishment authorized was not less than 5 years or more than 30 years. "As a second offender under the Habitual Offender Act [Code Ann. § 27-2511], one convicted must receive the maximum sentence for the offense of which he is convicted." *Knight v. State,* 243 Ga. 770 (257 SE2d 182). However, Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354) was enacted the same time as Code Ann. § 27-2511 and must be considered in pari materia. *Knight v. State,* 243 Ga. 770, 773, supra. Under Code Ann. § 27-2502, a trial court can suspend or probate a part of the sentence imposed under Code Ann. § 27-2511. *Knight v. State,* 243 Ga. 770 at 773, supra. However, in the instant case the trial court in a pretrial hearing, when reminded that defendant had been indicted under the recidivist statute stated: "Even so, Mr. Swearingen, with me feeling like I do about heroin, you know it wouldn't be a matter of whether the law required it or not, if he gives me the choice to." After imposing sentence the court addressed the defendant: "Mr. Staton, the law provides that he shall receive the maximum, which is thirty years. The Court really has no discretion on that. And Mr. Evans, anybody that deals in it, as far as I am concerned, there is no sentence too severe for them." The Court was correct in deciding that he had no discretion in imposing the maximum sentence of thirty years. *Knight v. State,* 243 Ga. 770, 771, supra. The Court also made it clear that even if it had possessed any discretion to suspend or probate a portion of the sentence — "there is no sentence too severe for" drug dealers. Inasmuch as there is no affirmative showing that the court intimated he did not have the power to suspend or probate a portion of the sentence and expressed his personal belief regarding severity of a sentence which should be imposed on drug dealers, we find no merit in this enumeration.

4. An appellate court does not weigh the evidence but determines the sufficiency. *Eubanks v. State,* 240 Ga. 544 (1) (242 SE2d 41). The evidence in the instant case is sufficient to enable any rational trier of fact to find the offense charged was established beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 19, 1982.

*Richard C. Hagler, James A. Elkins, Jr.,* for appellant.
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.