A89A0717. RUTHERFORD v. THE STATE.
(382 SE2d 205)

BANKE, Presiding Judge.

The appellant was jointly indicted with three other persons on a charge of possessing 28 grams or more of cocaine in violation of the Controlled Substances Act. He was tried with one of the co-indictees, and both were found guilty. In this appeal from the denial of his motion for new trial, he contends that a portion of the evidence against him should have been suppressed as the fruit of an unlawful search and seizure.

The evidence, construed in favor of the verdict, established the following facts. The appellant was contacted by Phillip Scales, who, acting as an informant for the federal Drug Enforcement Administration, sought to broker a sale of cocaine from the appellant to an undercover agent. In the company of one of the co-indictees, the appellant later met with Scales at a restaurant and then proceeded with him to an adjacent motel, where Scales rented a room. Subsequently, the undercover agent who was to purchase the cocaine telephoned the motel room, spoke with the appellant, and agreed to meet him at the adjacent restaurant to finalize the transaction. At some point during these discussions, the cocaine was brought to the motel room by the two remaining co-indictees. The appellant ultimately left the motel room with the cocaine, met with the undercover agent, and proceeded with him to the parking lot of another nearby restaurant to consummate the sale. He was arrested at this time, and the cocaine was seized. The undercover agent and several backup officers then went to the motel room, knocked on the door, and, when Scales opened the door, entered and arrested the three co-indictees. At this time, the officers observed certain drug paraphernalia "in plain view" inside the room, including a set of scales. The room was "secured" while a

search warrant was obtained, and the items in question were subsequently seized pursuant to that warrant. It is this evidence which the appellant contends should have been suppressed as the fruit of an unlawful search and seizure. *Held*:

"The Fourth Amendment right against unreasonable search and seizure is a personal right and may not be asserted vicariously. *Rakas v. Illinois*, 439 U. S. 128 (1) (99 SC 421, 58 LE2d 387). And, an individual who claims he is aggrieved by an illegal search and seizure only through the introduction of evidence secured by a search of a third person's premises has not had any of his Fourth Amendment rights infringed. Id." *Staton v. State*, 164 Ga. App. 464, 465 (297 SE2d 375) (1982). See also *State v. Peabody*, 247 Ga. 580, 581, n. 5 (277 SE2d 668) (1981).

It is apparent without dispute from the evidence in this case that the appellant was not present in the motel room when the officers entered it and that he had neither a proprietary nor a possessory interest in the room. Under such circumstances, he could not claim a reasonable expectation of privacy in the contents of the room, with the result that he had no standing to assert a Fourth Amendment violation. Accord *State v. Scott*, 176 Ga. App. 887 (1) (339 SE2d 276) (1985). Accordingly, pretermitting whether the entry into the room was lawful, the trial court did not err in denying the appellant's motion to suppress.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 9, 1989.

*John W. Stokes, Jr.*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.